# EXHIBIT D

7/13/2017 4:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 18183411
By: Wanda Chambers
Filed: 7/13/2017 4:52 PM



**ATTORNEYS AT LAW**
A PROFESSIONAL LIMITED LIABILITY COMPANY
3003 SOUTH LOOP WEST, HOUSTON, TEXAS 77054
TELEPHONE: 832.304.1059
FACSIMILE: 832-778-8353

July 13, 2017

***VIA E-File***
Mr. Chris Daniels
***Harris County District Clerk***
P.O. Box 4651
Houston, TX 77210

RE:   Cause No.  **2017-44946**; Larry Moore, Jr., v. Kevin Hubenak, et. al.; in the 165th Judicial
        District Court of Harris County, Texas.

Dear Mr. Daniel:

        Attached please find Plaintiff's Original Petition and Requests for Disclosure.

        Please file the Petition in your usual manner, and prepare Citations for the following
Defendants and return to our letterhead address so that service of process can be accomplished.

        1.  Kevin Hubenak, 1200 Travis, Houston, Texas 77002
        2.  Houston Police Department, 1200 Travis, Houston, Texas 77002
        3.  City of Houston, 901 Bagby, Houston, Texas 77002

        The appropriate filing fees have been transmitted with this transaction.

        Thank you for your professional courtesies in this regard.  Should you have any questions
or need for additional information, please do not hesitate to call.

                Sincerely,

                /s/Andre D. Evans
                Andre D. Evans

For Official Governmental Use Only - Do Not Disseminate to the Public: 75917832 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 15, 2017

Certified Document Number:        75917832 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/7/2017 11:52 AM
Chris Daniel - District Clerk Harris County
Envelope No. 18052895
By: Nelson Cuero
Filed: 7/7/2017 11:52 AM

NO. _____

| | | |
|---|---|---|
| **LARRY MOORE, JR.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL** |
| | § | **DISTRICT** |
| | § | |
| HOUSTON POLICE DEPARTMENT, | § | |
| CITY OF HOUSTON and individually, | § | |
| KEVIN HUBENAK | § | |
| | § | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, LARRY MOORE, hereinafter referred to as ("Plaintiff"), and by and through their attorney, Andre D. Evans of Andre Evans & Associates, PLLC., files this Original Complaint complaining of Defendants The City of Houston, Houston Police Department ("HPD") and Officer KEVIN HUBENAK, hereinafter collectively referred to as ("Defendants") and for causes of action, would respectfully show unto the Court and jury the following:

> **"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[1]"**

## I.   PRELIMINARY STATEMENT

1.      Early in the afternoon of July 7, 2015, Larry Moore, was violently beaten, harassed, taunted, wrongfully arrested and denied medical attention.  Houston Police Department Officer HUBENAK used excessive force, and his fellow Houston Police Officers acted in concert while violating the constitutionally protected rights of Mr. Moore.

---

[1] 42 U.S.C. § 1983 (emphasis added).

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 1 of 32

## II.    PARTIES

2.     Plaintiff Larry Moore, is an individual who resides in HPD County, Texas.

3.     Defendant CITY OF HOUSTON is a Governmental Entity and political subdivision of the State of Texas.  At all times material to the claims set forth herein, Mayor Anise Parker (hereinafter "Mayor Parker") was the top elected official of the City of Houston and its top policymaker for the City of Houston, along with members of the City Council.

4.     Defendant HOUSTON POLICE DEPARTMENT is a Governmental Agency, was and is and agency, department and/or subdivision of the City of Houston organized and existing pursuant to the laws of the State of Texas, engaged in the hiring, training and supervision of law enforcement/corrections officers.

5.     Defendant Officer KEVIN HUBENAK, sued in their individual capacities, at all times acted under color of law, and was employed by Defendant Houston Police Department.

6.     Defendants John and Jane Doe, sued in their individual capacities, at all times acted under color of law, and were employed by Defendant Houston Police Department and City of Houston.

7.     One or more of the individual Defendants had supervisory responsibilities with respect to individual Defendants, and with respect to operations of the Houston Police Department.

8.     At all times material to the claims set forth herein, Charles A. McClelland, Jr. (hereinafter "Chief McClelland") was the director of the Houston Police Department and was responsible for the oversight of the Houston Police Department, the development, promulgation, and implementation of policies, procedures and standards for the Houston Police Department. Specifically, McClelland is the chief policymaker for the Houston Police Department and was directly responsible for the operations of the Houston Police Department and all of its officers,

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582453 - Page 2 of 32

including those named herein.

9.      The Houston Police Department is responsible for, among other things, development, promulgation, and implementation of policies and procedures and standards for the Houston Police Department and more specifically policies, procedures and standards relating to the use of force, arrest, internal affairs investigations, discipline and overall conduct of officers working at the Houston Police Department.

10.     The City of Houston funds and operates the Houston Police Department, which, along with the Houston City Controller's Office, is responsible for the implementation of the police department's budget, policies, procedures, practices and customs, as well as the acts and omissions, challenged by this suit.  The Houston Police Department is also responsible for preventative investigative, and enforcement services for all citizens of the City of Houston.

11.     Defendant City of Houston is the employer of individual Defendant KEVIN HUBENAK, and other unknown employees ("John and Jane Doe") defendants and is responsible for the acts and/or omissions of same that were performed in the course and scope of their employment for reasons set forth herein.

### III.      JURISDICTION, VENUE, AND BASIS FOR RELIEF

12.     Jurisdiction exists under 28 U.S.C. §§ 1331 & 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.  This Court has jurisdiction over Plaintiff's other claims under principles of pendent, ancillary and supplemental jurisdiction under 28 U.S.C. § 1367.

13.     Venue is appropriate in this District, since the events complained of occurred in this District and this Division pursuant to 24 U.S.C. § 1391.

14.     For violations of his federal constitutional rights, Plaintiff is entitled to the requested relief against all Defendants and their employees because at all relevant times herein, their

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 3 of 32

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 4 of 32

conduct was subject to 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

## IV.   ACTS OF AGENTS

15.      Whenever in this petition it is alleged that Defendant entities performed any act or thing, it is meant that the Houston Police Department and the City of Houston through their agents, servants, employees, or representatives performed such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of the Defendants and was done in the normal and routine course and scope of employment with the Houston Police Department or the City of Houston as the facts may show.

## V.   FACTS

16.      On or about July 7, 2015, Larry Moore was driving his vehicle, travelling westbound in the 5600 block of Mykawa Rd.  In the car with him was passenger Michael Brooks, who was riding in the front passenger seat.

17.      Officer KEVIN HUBENAK (employee no. 133964), and his partner, who's name and title is unknown, were assigned to a Crime Reduction Task Force.  At approximately 1940 hours, Officer KEVIN HUBENAK initiated a traffic stop of Larry Moore's vehicle, purportedly for a defective tail light.  Mr. Moore complied, pulling his vehicle over near the entrance of the Fiesta Mart located at 5600 Mykawa Rd, and Officer HUBENAK parked his patrol car directly behind Mr. Moore's vehicle.

18.      Officer HUBENAK approached the driver side of the vehicle while his partner approached the passenger side.

19.      Officer HUBENAK instructed Mr. Moore to step out of the vehicle while Officer HUBENAK's partner instructed Michael Brooks to step out of the vehicle.  Mr. Moore and Mr. Brooks complied.

20.     While Mr. Moore was talking with Officer HUBENAK, an argument was overheard between Mr. Brooks and officer HUBENAK's partner.

21.     Shortly thereafter, Mr. Brooks ran from officer HUBENAK's partner but was subsequently arrested after a foot pursuit.

## HPD OFFICERS VIOLENTLY ASSAULTED MR. MOORE

22.     After Mr. Brooks ran from the scene, officer HUBENAK suddenly and violently body slammed Mr. Moore on his neck, head and face, causing him to go into a brief state of shock, as well as a severe laceration and extreme swelling.

23.     Once Mr. Moore regained consciousness, he felt that he had a handcuff on one of his wrists and observed officer HUBENAK punching him in the face and body.  Officer HUBENAK then began kicking Mr. Moore.

24.     Officer HUBENAK stopped assaulting Mr. Moore only when witnesses who were walking to and from Fiesta Mart started yelling for him to stop beating Mr. Moore.

25.     After Officer HUBENAK fully handcuffed Mr. Moore, he placed his boot on Mr. Moore head, so forcefully that it left a dirt boot print in Mr. Moore's hair.  The boot print stayed in Mr. Moore's hair until a member of Ben Taub Hospital's staff removed it.  After Officer HUBENAK saw the injuries to Plaintiff's face, he enlisted a security guard to detain Plaintiff in the same manner in which he was detaining him, with a boot.

26.     At the time of the assault, Mr. Moore was not attempting to evade or resist arrest, or otherwise harm any person.

27.     Mr. Moore sustained a blood clot in his face and Mr. Moore's face still has not returned to its original condition.  Below are photographs of Mr. Moore taken hours after his arrest.

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 5 of 32

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 6 of 32

 

### HPD OFFICERS CONFISCATED MR. MOORE'S CELL PHONE AND TOWED HIS VEHICLE

28.    When Mr. Moore was handcuffed and before he was placed into the backseat of the patrol car, his cell phone was in his pants pocket.

29.    Mr. Moore's cell phone was removed from his pocket during a search of his person.

30.    When Mr. Moore, who was not arrested and was released from custody, asked the HPD officers on the scene to return his phone back into his pocket, Officer HUBENAK said "no" and threw his phone inside of Mr. Moore's vehicle, which he knew would be subsequently towed and kept at a storage lot.

31.    Mr. Moore plead with them to give him his phone so that he could contact his family upon release.  The HPD officers displayed an insulting indifference and refused to return Mr. Moore's cell phone.

32.    Because the unknown HPD Officers refused to return Mr. Moore's phone to its original location, Mr. Moore was unable to use or access his phone for several days, although he was

released.  Although Mr. Moore was eventually released from police custody, his vehicle was not

released to him.

## MR. MOORE WAS RIDICULED AND DENIED IMMEDIATE MEDICAL TREATMENT

33.     After the assault, Mr. Moore was placed into the back of an HPD patrol car.  Mr. Moore

was left in the patrol car for approximately two (2) hours.

34.     To exacerbate the physical pain Mr. Moore was experiencing, he was forced to listen as

other HPD officers on the scene praised officer HUBENAK for the severity of the injuries he

caused Mr. Moore.  While Mr. Moore was in the backseat of the patrol car, he heard officers

laughing and joking about how hideous his face looked.  The unknown HPD Officers

congratulated officer HUBENAK as if he were in a competition to see who could inflict the most

harm.

35.     Despite Mr. Moore's several requests for an ambulance, no one called an ambulance to

the scene to assess and treat Mr. Moore's injuries.  Mr. Moore's injuries were:

> a. patent;
>
> b. visible;
>
> c. in need of medical attention; and
>
> d. severe.

36.     Instead, Mr. Moore was transported to HPD Central Jail, where he was refused

admittance due to his "blunt facial trauma."

37.     The medical examiner at the jail instructed the transporting officer to take Mr. Moore to

Ben Taub Hospital for immediate treatment.

38.     The transporting officer was instructed not to arrest Mr. Moore by:

> a. an HPD supervisor; or

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425 - Page 7 of 32

Plaintiff's Original Petition and Request for Disclosure               7

b. an HPD Officer.

39.     Mr. Moore was transported to Ben Taub Hospital in a HPD patrol car driven by another

HPD officer who was instructed by an HPD sergeant to transport him to the hospital in the patrol

car.

40.     Although Mr. Moore was not under arrest, Mr. Moore was transported to Ben Taub

Hospital in handcuffs.  Mr. Moore did not request to be transported to Ben Taub Hospital.

<u>**OFFICER HUBENAK REFUSED TO ANSWER QUESTIONS OR GO TO BEN
TAUB DESPITE THE HOSPITAL'S REQUEST**</u>

41.     After being transported to Ben Taub Hospital, Mr. Moore was treated by Dr. J. Wuhantu.

While treating Mr. Moore, Dr. Wuhantu had several questions regarding the cause of Mr.

Moore's injuries.  Dr. Wuhantu asked the transporting officer what happened and the

transporting officer stated that he did not know and that Mr. Moore already had the injuries when

he arrived on the scene.  Dr. Wuhantu later asked if Mr. Moore was under arrest and the

transporting officer replied "no."  Dr. Wuhantu then asked then "why is he in handcuffs" and

instructed the officer to remove the handcuffs.

42.     Dr. Wuhantu then asked the transporting officer to contact the officer responsible for Mr.

Moore's injuries and tell him to come to the hospital to answer questions about Mr. Moore's

injuries.  Officer HUBENAK refused to report to the hospital or answer any questions about how

Mr. Moore received his injuries.

<u>**IN ATTEMPT TO PROTECT THE DEPARTMENT HPD OFFICERS
LIED TO JUSTIFY THEIR MISCONDUCT**</u>

43.     Officer HUBENAK knew that he wrongfully used excessive force against an innocent

man and in an attempt to justify his actions, stated that he was trying to "protect" Mr. Moore.

44.     At no time did Officer HUBENAK allege that Mr. Moore ever attempted to evade or

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 8 of 32

resist arrest.

45.     Officer HUBENAK and another unknown HPD officer, the same officer who transported Mr. Moore to the hospital, engaged in a conspiracy to cover up Officer HUBENAK's use of excessive and unreasonable force.

### MR. MOORE WAS LATER CHARGED FOR POSSESSION OF MARIJUANA

46.     Mr. Moore was later charged and arrested for violating Texas Penal Code § 481.121, "Possession of Marijuana."  A violation under this statute is a state jail felony.

47.     Mr. Moore bonded out of custody before his arrest, and subsequently hired a criminal defense attorney to assert his innocence, both causing Mr. Moore financial hardship.

48.     Mr. Moore has consistently maintained his innocence and Mr. Brooks consistently admitted that the marijuana found in the truck belonged to him and that Mr. Moore was not aware of the drugs.

49.     Officer HUBENAK lied and stated that he found the drugs in the center console, although according to Michael Brooks, the owner of the drugs, they were hidden in the back of the truck underneath the passenger seat.

### SUPERVISORS WITHIN HPD WERE AWARE OF THE FABRICATED CHARGES

50.     At the scene of the arrest, there was at least one HPD sergeant present. The HPD sergeant either assisted in the false arrest and imprisonment of Mr. Moore, or failed to prevent his/her subordinate officers from doing so.

51.     Despite the drug being found in the immediate possession of the passenger seat, Mr. Brooks admitting to ownership of the marijuana and informing the arresting officers the Mr. Moore was not aware of the drugs, HPD failed to drop the charges against Mr. Moore.

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 9 of 32

52.     While at the City of Houston Jail, Mr. Moore made HPD sergeants, as well as other City of Houston employees, were made aware of the excessive force used against him.  However, no actions were taken to investigate the allegations made by Mr. Moore, specifically, no City of Houston employees instructed Mr. Moore on how to file a formal complaint.  Mr. Moore was under the impression that he filed a formal complaint when he informed an HPD sergeant of the actions of an HPD officer.

53.     Therefore, the deprivation of Mr. Moore's federal rights was proximately caused by the customs, policies and practices of the Houston Police Department, or alternatively, were a moving force behind Plaintiff's injury.  Undoubtedly, it was the policies, practices and customs of the Houston Police Department that prolonged the deprivation of Mr. Moore's federal rights.

### MR. MOORE SUFFERED SIGNIFICANT PAIN AND ANGUISH

54.     As a direct and proximate result of the brutal assault, denial of medical treatment and conversion of personal property, Mr. Moore suffered significant pain and mental anguish.  In addition, the pain in Mr. Moore's face is chronic and excruciating.

55.     The harm suffered by Mr. Moore is exacerbated by the fact that the fabricated, yet heinous felony charge on his criminal record is available to the public.  HPD's morally destitute and malevolent action does not simply exacerbate Mr. Moore's pain and anguish, it also prolongs it.  Mr. Moore, who considers himself a man of pride and integrity, has to live knowing that a felony charge, which paints him as a criminal, and serves as a constant reminder of one of his most traumatizing and humiliating moments is memorialized in the public domain due to the actions, policies, customs and practice of the Houston Police Department.  Mr. Moore states that he has difficulty sleeping, recurring nightmares, migraines, hearing loss and sporadic feelings of

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 10 of 32

rage due to the treatment he endured while being arrested by HPD officers.  Mr. Moore also lost his job due to his injuries and has been denied employment due to his pending felony charge.

## VI.    HARMS

56.    The actions and inactions by individual Defendants, as well as the conditions of employment and policies, practices, and customs of Houston Police Department, actually and proximately caused the following injuries and damages:

a.    Violations of his rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution;

b.    Loss of physical liberty;

c.    Physical injuries, pain and suffering, extreme fear, emotional trauma;

d.    Permanent facial disfigurement;

e.    Humiliation, loss of employment, loss of employment opportunities, embarrassment and injury to reputation.

57.    The physical, psychological, and economical consequences of Defendants' actions continue to date, and upon information and belief, will continue into the future.

58.    Upon information and belief, HUBENAK's vehicle or person was equipped with a dash or body camera, which would have captured the entirety of the assault.

59.    At the time of the assault, HUBENAK was in his HPD uniform and driving an HPD patrol vehicle.  It is clear that Officer HUBENAK, while acting under color of his authority as a peace officer, wrongfully body slammed, punched, kicked and wrongfully charged Mr. Moore, causing him to sustain severe and permanent injuries.

## VII.    COUNT 1: THE RIGHT TO BE FREE FROM EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983 AND THE 4TH AMENDMENTS OF THE U.S. CONSTITUTION (OBJECTIVE STANDARD)

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 11 of 32

60.     Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

61.     At all times relevant hereto, the DEFENDANT HPD'S OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the HPD. The DEFENDANT HPD'S OFFICERS were also acting in concert with one another.

62.     DEFENDANT HPD'S OFFICERS acted under color of state law to deprive LARRY MOORE of certain constitutionally protected rights under the Fourth Amendment to the Constitution of the United States, including, but not limited to (a) the right to be free from unreasonable searches and seizures, and (b) the right to be free from excessive use of force by persons acting under color of state law.

63.     Carefully balancing of the nature and quality of the intrusion on LARRY MOORE's 4th Am. Interest against the countervailing governmental interest at stake, DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak, used excessive force against LARRY MOORE, pursuant to Graham v. Connor, 490 U.S. 386, 395-96 (1989) – to wit:

      a. when Officer K. Hubenak body slammed, punched and placed his boot on the face and head of LARRY MOORE for a period up to five minutes in violation of his 4th/14th Amendment Right to be Free from Excessive Force; and

      b. enlisting a civilian security guard and allowing him to restrain LARRY MOORE by placing his boot on him.

64.     DEFENDANT HPD and its OFFICERS' use of force was objectively unreasonable in light of the totality of the circumstances confronting the Officers, without regard to the Officers' underlying intent or motivation[2]. *Graham* at 397. That is, when the excessive force was applied,

---

[2] An Officer's intent or subjective motivations may be considered by a fact-finder when evaluating the credibility of his testimony. Graham at 399.

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 12 of 32

there was no crime or serious crime at issue, LARRY MOORE did not pose an immediate threat to the safety of the Officers or others, and did not actively or passively resist custody/detention/arrest.  And, the totality of the circumstances surrounding the above-described excessive force and that gave rise to LARRY MOORE's legal and constitutional resistance included the unjustifiable and unreasonable cussing, threatening, detaining, cuffing, arresting, kicking, stepping on the face of LARRY MOORE, suffocating, and assisting in the injection of LARRY MOORE by the DEFENDANT HPD'S OFFICERS – including Officer K. Hubenak.

65.     DEFENDANT HPD and its HPD OFFICER – Officer K. HUBENAK used deadly force when he used his feet and a body-slam as a means of use of force when he had no probable cause to believe that LARRY MOORE posed a significant threat of death or serious physical injury to the Officer or others[3].

66.     LARRY MOORE suffered "(1) an injury," "(2) which resulted from the use of force that was clearly excessive to the need," and "(3) the excessiveness of which was objectively unreasonable" when Defendant Officer K. Hubenak used excessive force against LARRY MOORE, as described above.

67.     HPD implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices. These included, among other things, allowing DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak, to unconstitutionally and excessively use of force in violation of the United States Constitution.

---

[3] Tennessee v. Garner, 471 U.S. 1, 3 (1985) (holding that "Where the suspect poses no immediate threat to the Officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so;" and "that the use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable.); see also, Brockington v. Boykins, 637 F.3d 503 (4th Cir. 2011) (holding that it is unreasonable for an Officer to continue shooting someone who is already incapacitated – i.e. an Officer may not continue to use deadly force once the threat posed by a suspect has been eliminated); Waterman v. Batton, 393 F.3d 471 (4th Cir. 2005) (holding that once the justification for the initial use of force has been eliminated, a subsequent use of force is improper).

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425 3 - Page 13 of 32

68.    HPD failure to adequately train and supervise DEFENDANT HPD'S OFFICERS

amounted to deliberate indifference to LARRY MOORE's rights to be free from excessive force

and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States

Constitution.

69.    HPD's ratification and/or concealment of DEFENDANT HPD'S OFFICERS' actions or

omissions amounted to deliberate indifference to LARRY MOORE's rights to be free from

excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the

United States Constitution.

70.    What's more, HPD'S continued adherence to an approach that they know or should

know has failed to prevent tortious conduct by employees establishes the conscious disregard for

the consequences of their action—the "deliberate indifference"—necessary to trigger municipal

liability. Bd. of the County Comm'Rs v. Brown, 520 U.S. 397, 407 (U.S. 1997).

71.    DEFENDANTS' conduct, actions, and/or inactions were the moving force, directly

caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-

violative injuries sustained by LARRY MOORE and his damages, as set forth more fully below.

72.    Plaintiff seek unliquidated damages within the jurisdictional limitations of this court.

**VIII.   COUNT 2: THE RIGHT TO BE FREE FROM EXCESSIVE FORCE PURSUANT
TO 42 U.S.C. § 1983 AND THE 14TH AMENDMENTS OF THE U.S.
CONSTITUTION (SUBJECTIVE STANDARD)**

73.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set

forth herein.

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 14 of 32

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582453 - Page 15 of 32

74. Once an individual is taken into custody, he is considered a pre-trial detainee (also referred to in cases as an "arrestee")[4]. On the afternoon of July 7, 2015, LARRY MOORE was taken into custody.

75. Defendant HPD and its HPD OFFICERS, namely Officer K. Hubenak, "inflicted unnecessary and wanton pain and suffering[5]" – to wit:

   a. when Officer K. Hubenak body slammed, punched, kicked and placed his boot over the face, nose, and mouth of LARRY MOORE for a period up to three minutes in violation of his 4th/14th Amendment Right to be Free from Excessive Force; and

   b. enlisting a civilian security guard and allowing him to restrain LARRY MOORE by placing his boot on him.

76. Defendant HPD and its HPD OFFICERS, namely Officer K. Hubenak's, conduct was a Constitutionally-violative "infliction of unnecessary and wanton pain and suffering" in light of the following factors:

   a. the need for the application of force (use of feet and a body-slam as a means of use of force as described above) was zero;

   b. the relationship between the need (protection from harm) and the amount of force that was used (use of a body-slam, punches and feet as a means of use of force as described above) was disproportionate as to be excessive,

   c. the extent of injury inflicted was serious bodily harm, and

---

[4] The Fourth Amendment no longer applies once the individual is subject to pre-trial detainment. Instead, a claim of excessive force by a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment. Orem v. Rephann, 523 F.3d 442, 445-46 (4th Cir. 2008); Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997) (en banc)). Under the Due Process Clause, a pretrial detainee has the right to be free from excessive force that amounts to punishment. Bell v. Wolfish, 441 U.S. 520, 534-37 (1979); Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989). When a detained individual is punished prior to an adjudication of guilt, he is deprived of his liberty without due process of law and has a substantive due process claim. Johnson v. Glick, 481 F.2d 1028, 1032 (2nd Cir. 1973).
[5] Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998).

d. the force applied was in bad faith or was maliciously and sadistically applied for the very purpose of causing harm.[6]"

77.    What's more, DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak's, conduct exhibited "Deliberate Indifference[7]" – Defendants actually knew of and ignored a substantial risk of injury to LARRY MOORE.

78.    What's more, DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak, subjectively recognized a substantial risk of harm.

79.    What's more, DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak, subjectively recognized that their actions were inappropriate in light of that risk.

80.    What's more, DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak, had actual knowledge of the risk of injury – the risk was so obvious that a fact-finder could conclude that "the Officer did know of it because he could not have failed to know of it." Id.; see also *Farmer v. Brennan*. 511 U.S. 825, 842 (1994).

81.    What's more, DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak, had actual knowledge of the inappropriateness of his response – it was "so patently inadequate" as to justify an inference that the Officer actually recognized that his response was inappropriate under the circumstances.

82.    LARRY MOORE suffered "(1) an injury," "(2) which resulted from the use of force that was clearly excessive to the need," and "(3) the excessiveness of which was objectively

---

[6] Johnson, 481 F.2d at 1033 (quoted with approval in Orem, 523 F.3d at 446).
[7] The rights of a pre-trial detainee under the Due Process Clause are at least as great as the rights of a convicted prisoner under the Eighth Amendment. City of Revere v. Massachusetts General Hosp., 463 U.S. 244 (1983) (holding that the Due Process Clause requires government to provide medical care to individuals who have been injured while being apprehended by the police). An Officer's deliberate indifference to a pre-trial detainee's serious medical needs or deliberate indifference to the need to protect a pre-trial detainee from a substantial risk of harm are actionable under the Due Process Clause. Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). The deliberate indifference of governmental officials to a pre-trial detainee's serious medical needs or substantial risk of harm meets the shock the conscience standard for a substantive due process violation. Id.

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 16 of 32

unreasonable" when Defendant Officer K. Hubenak used excessive force against LARRY MOORE, as described above.

83.     HPD implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices. These included, among other things, allowing DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak, to unconstitutionally and excessively use their feet, punching and a body-slam as a means of use of force in violation of the United States Constitution.

84.     HPD failure to adequately train and supervise DEFENDANT HPD'S OFFICERS amounted to deliberate indifference to LARRY MOORE's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

85.     HPD ratification and/or concealment of DEFENDANT HPD'S OFFICERS' actions or omissions amounted to deliberate indifference to LARRY MOORE's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

86.     What's more, HPD'S continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees establishes the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability. Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 407 (U.S. 1997).

87.     DEFENDANTS' conduct, actions, and/or inactions were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries sustained by LARRY MOORE and his damages, as set forth more fully below.

88.     Plaintiff seeks unliquidated damages within the jurisdictional limitations of this court.

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425 3 - Page 17 of 32

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 18 of 32

### IX.        COUNT 3: 42 U.S.C. § 1983 AND 14TH AMENDMENT OF THE U.S. CONSTITUTION SUBSTANTIVE DUE PROCESS CLAIM

89.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

90.    DEFENDANT HPD and its HPD OFFICERS, namely Officer K. HUBENAK, used excessive force against LARRY MOORE – to wit:

 a. when Officer K. Hubenak body-slammed, punched, kicked and placed his boot over the face or head of LARRY MOORE for a period up to five minutes in violation of his 4th/14th Amendment Right to be Free from Excessive Force; and

 b. when Officer HUBENAK instructed a private security guard to detain Plaintiff by placing his boot on Plaintiff.

91.    DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak's, conduct was "deliberate decision to deprive a person of life, liberty, or property."

92.    DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak's, action "can properly be characterized as conscience shocking, in a constitutional sense[8]" and/or was recklessness, gross negligence, or deliberate indifference to the rights of LARRY MOORE.

---

[30] The Due Process Clause in the Fourteenth Amendment states, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law…" U.S. Const. Amend. XIV, § 1. Due process also has a substantive component which prohibits certain governmental actions regardless of the fairness of the procedures used to implement them. Daniels v. Williams, 474 U.S. 327, 331 (1986).

93.    LARRY MOORE suffered "(1) an injury," "(2) which resulted from the use of force that was clearly excessive to the need," and "(3) the excessiveness of which was objectively

---

[8] Conduct that "shocks the conscience" is the type that violates the "decencies of civilized conduct." Rochin v. California, 342 U.S. 165, 172-73 (1952). It is also conduct that is so brutal and offensive that it does not comport with "traditional ideas of fair play and decency." Whitley v. Albers, 475 U.S. 312, 327 (1986). The "shock the conscience" standard is found "at the ends of the tort law's spectrum of culpability." County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998). As a result, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to give rise to the conscience-shocking level." Lewis, 523 U.S. at 849.

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582453 - Page 19 of 32

unreasonable" when Defendant Officer K. Hubenak used excessive force against LARRY MOORE, as described above.

94.     HPD implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices. These included, among other things, allowing DEFENDANT HPD and its HPD OFFICERS, namely Officer K. Hubenak, to unconstitutionally and excessively use their feet, punching and a body-slam as a means of use of force in violation of the United States Constitution.

95.     HPD failure to adequately train and supervise DEFENDANT HPD'S OFFICERS amounted to deliberate indifference to LARRY MOORE's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

96.     HPD ratification and/or concealment of DEFENDANT HPD'S OFFICERS' actions or omissions amounted to deliberate indifference to LARRY MOORE's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

97.     What's more, HPD'S continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees establishes the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability. Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 407 (U.S. 1997).

98.     DEFENDANTS' conduct, actions, and/or inactions were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries sustained by LARRY MOORE and his damages, as set forth more fully below.

99.     Plaintiff seeks unliquidated damages within the jurisdictional limitations of this court.

## XVI.   COUNT 4: OFFICIAL POLICY CLAIM[9] PURSUANT TO 42 U.S.C. § 1983 AND THE 4th & 14TH AMENDMENT OF THE U.S. CONSTITUTION (EXCESSIVE FORCE)

100.   Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

101.   HPD, by and through its policymakers as set forth above, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices. These included, among other things, allowing DEFENDANT HPD and its HPD OFFICERS, namely Officer K. HUBENAK, to unconstitutionally and excessively use their feet, punching and a body-slam as a means of use of force in violation of the United States Constitution.

102.   That is, there is the existence of official policies or customs – namely, Necessary Force in Making Arrests, Use of Force, Policy for Deadly Force Policy, which were fairly attributable to HPD, and that proximately caused the deprivation of his rights[10].  These specific policies are and were Constitutionally-violative for failure to adequately address when the use of an Officer's feet, punching and a body-slam as a form of use of force is appropriate, if ever. Upon information and belief, HPD's "Use of Feet as Form of Use of Force" Policy is deficient and/or does not exist, should have been a written policy, and/or was never communicated and/or adequately trained.

103.   What's more, proof of the LARRY MOORE incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed and is attributed to HPD and its policymakers.

---

[9] A municipality may be held liable under 42 U.S.C. § 1983 for an official policy or custom which is the moving force behind a constitutional violation. Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658 (1978).

[10] Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994); Spell v. McDaniel, 824 F.2d 1380, 1386-90 (4th Cir. 1987). "[M]unicipal liability will attach only for those policies or customs having a specific deficiency or deficiencies such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999) (quotation and citation omitted).

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 20 of 32

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425 3 - Page 21 of 32

104.    HPD failure to adequately train and supervise DEFENDANT HPD'S OFFICERS amounted to deliberate indifference to LARRY MOORE's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

105.    HPD's ratification and/or concealment of DEFENDANT HPD'S OFFICERS' actions or omissions amounted to deliberate indifference to LARRY MOORE's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

106.    What's more, HPD'S continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees establishes the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 407 (U.S. 1997).

107.    DEFENDANTS' conduct, actions, and/or inactions were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries sustained by LARRY MOORE and his damages, as set forth more fully below.

108.    Plaintiff seeks unliquidated damages within the jurisdictional limitations of this court.

**X.    COUNT 5: OFFICIAL CUSTOM CLAIM[11] PURSUANT TO 42 U.S.C. § 1983 AND THE 4th & 14TH AMENDMENT OF THE U.S. CONSTITUTION (EXCESSIVE FORCE)**

109.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

110.    HPD, by and through its policymakers as set forth above, implicitly or explicitly

---

[11] A municipal custom "may be found in persistent and widespread practices of municipal officials which although not authorized by law, are so permanent and well-settled as to have the force of law." Spell, 824 F.2d at 1386 (4th Cir. 1987) (quoting Monell, 436 U.S. at 691).

adopted and implemented careless and reckless policies, customs, or practices. These included, among other things, allowing DEFENDANT HPD and its HPD OFFICERS, namely Officer K. HUBENAK, to unconstitutionally and excessively use body-slams, punching, kicking and using their feet as a means of use of force in violation of the United States Constitution.

111.    DEFENDANT HPD and its HPD OFFICERS' applied the use of their feet as a means of use of force was persistent, widespread, and/or pattern of practice at HPD that it was so permanent and well-settled that HPD had actual or constructive knowledge of its use in violation of the United States Constitution.

112.    What's more, DEFENDANT HPD and its HPD OFFICERS' use of body-slams, punching, kicking and other use of their feet as a means of use of force:

     a. was widespread without ramification or discipline;

     b. existed/allowed/encouraged because of HPD's lack of action – showing acquiescence in the inappropriate conduct;

     c. existed/allowed/encouraged because of HPD's failure to enact, enforce, implement policies and standards to the contrary;

     d. existed/allowed/encouraged because of HPD's failure to discipline its Officers;

     e. existed/allowed/encouraged because of HPD's failure to maintain, categorize, access, properly investigate, and/or accept complaints;

     f. existed/allowed/encouraged because of HPD's failure to train and/or in training;

     g. existed/allowed/encouraged because of a pattern of misconduct by prior incidents; and

     h. existed/allowed/encouraged because of a failure of record keeping.

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582453 - Page 22 of 32

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425 - Page 23 of 32

113.    HPD failure to adequately train and supervise DEFENDANT HPD'S OFFICERS amounted to deliberate indifference to LARRY MOORE's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

114.    HPD ratification and/or concealment of DEFENDANT HPD'S OFFICERS' actions or omissions amounted to deliberate indifference to LARRY MOORE's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

115.    What's more, HPD'S continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees establishes the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability. Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 407 (U.S. 1997).

116.    DEFENDANTS' conduct, actions, and/or inactions were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries sustained by LARRY MOORE and his damages, as set forth more fully below.

117.    Plaintiff seeks unliquidated damages within the jurisdictional limitations of this court.

## XI.    COUNT 6: OFFICIAL CUSTOM CLAIM PURSUANT TO 42 U.S.C. § 1983 – DEFICIENT HIRING, TRAINING, SUPERVISION, and RETENTION OF LAW ENFORCEMENT OFFICERS[12]

118.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

---

[12] An unconstitutional custom or policy may also be shown by evidence of deficient or inadequate training, supervision, or hiring of law enforcement Officers by municipal officials. City of Canton v. HPD, 489 U.S. 378 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997); Wellington v. Daniels, 717 F.2d 932 (4th Cir. 1983).

119.     Defendants are liable to Plaintiff for DEFICIENT HIRING, TRAINING,

SUPERVISION, and RETENTION. HPD has a duty to properly screen and hire applicants, and

their failure to do so may demonstrate a deliberate indifference to citizens' constitutional rights.

See *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1392,

137 L. Ed. 2d 626 (1997). HPD also has a duty to train and supervise the individual Officers

under their command, and their failure to do so may demonstrate a deliberate indifference to

citizens' constitutional rights.  See, e.g., *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1417

(5th Cir. 1996). However, DEFENDANTS breached that duty when they improperly screened,

hired, trained, supervised, and retained the DEFENDANT HPD'S OFFICERS whom, inter alia,

committed the constitutional torts otherwise specified herein. Deficient employment decisions

regarding hiring, training, and supervision can subject a governmental entity to §1983 liability.

See *Brown*, 520 U.S. 397 (1997); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1417

(5th Cir. 1996).

120.     PLAINTIFF will show that (1) HPD's training procedures were inadequate; (2) HPD's

policymakers were deliberately indifferent in adopting the training policy; and (3) the inadequate

training policy directly caused the plaintiffs' injury. *Conner v. Travis County*, 209 F.3d 794, 796

(5th Cir. 2000). Second, even if HPD'S training program does not prevent constitutional

violations, HPD is still liable because its makers were put on notice that a new program was

called for. *Bd. of the County Comm'rs v. Brown*, 520 U.S. at 407-408. "Their continued

adherence to an approach that they know or should know has failed to prevent tortious conduct

by employees may establish the conscious disregard for the consequences of their action—the

'deliberate indifference'—necessary to trigger municipal liability." Id. (citing *Canton v. HPD*,

489 U.S. 378, 390 n. 10 (1989).  Third, the U.S. Supreme Court in *Brown* also stated that it did

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 24 of 32

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 25 of 32

not foreclose the possibility that evidence of a single violation of federal rights, accompanied by a showing that a governmental entity has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger entity liability, which is the case here. Id. at 409 (citing *Canton v. HPD*, 489 U.S. at 390, and n. 10 ("It may happen that in light of the duties assigned to specific Officers or employees the need for more or different training is so obvious . . . that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need")). Here, for example, nearly every HPD officer or sergeant, failed to document or investigate Plaintiff's allegations of excessive force, provide medical treatment for LARRY MOORE or discipline/retrain the inept employees involved in Plaintiff's deprivation of rights.

121.    Inter alia, HPD's lack of training on use of force and excessive force deprived LARRY MOORE of his clearly established Constitutional rights – rights secured by the US Constitution, which actions amounted to deliberate indifference and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the deprivation of LARRY MOORE's Constitutional rights, the injuries sustained by LARRY MOORE, and PLAINTIFFS' damages.

122.    Defendants' failure to supervise and their lack of training and lack of enforcement of their written audio/visual-recording policy deprived LARRY MOORE of his clearly established Constitutional rights by allowing the use of force and excessive force to go with impunity and ignorance to same, which actions amounted to deliberate indifference and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the deprivation of LARRY MOORE's Constitutional rights, the injuries sustained by LARRY MOORE, and PLAINTIFF'S damages.

123.    What's more, HPD, a municipal actor, disregarded a known or obvious consequence of its action to not implement a proper policy on use of an Officer's feet as a form of use of force. That is, the risk that a violation of a particular constitutional or statutory right (i.e. the right against excessive force and deadly force) will follow the decision to not implement a proper policy on use of body-slams and use of an Officer's feet as a form of use of force.

124.    What's more, HPD was on actual or constructive notice of the need for training or supervision because of a pattern of similar unconstitutional acts by its Officers occurred within a relevant period of time before the incident.

125.    What's more, HPD acted in conscious disregard of the constitutional rights of its residents – namely, LARRY MOORE – by failing to train or supervise its Officers.

126.    What's more, the unconstitutional consequences of failing to train are and were so patently obvious to HPD that it is liable under § 1983 without proof of a pre-existing pattern of violations.

127.    HPD failure to adequately train and supervise DEFENDANT HPD'S OFFICERS amounted to deliberate indifference to LARRY MOORE's rights under the United States Constitution.

128.    HPD ratification and/or concealment of DEFENDANT HPD'S OFFICERS' actions or omissions amounted to deliberate indifference to LARRY MOORE's rights under the United States Constitution.

129.    DEFENDANTS' conduct, actions, and/or inactions were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries sustained by LARRY MOORE and PLAINTIFF'S damages, as set forth more fully below.

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425 - Page 26 of 32

130.    Plaintiff seeks unliquidated damages within the jurisdictional limitations of this court.

## XIII.   COUNT 7: THE RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE PURSUANT TO THE FOURTH AMENDMENT

131.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as through fully set forth herein.

132.    Plaintiff pleads that Officer K. HUBENAK and other John or Jane Doe officers subjected Mr. Moore to an unreasonable seizure of his personal property in violation of the Fourth and Fourteenth Amendment and its "reasonableness" standard, as applied to the States through the Fourteenth Amendment.

133.    Mr. Moore was unlawfully displaced from his personal property by Officer Hubenak and unknown HPD officers, when Officer Hubenak removed Plaintiff's phone from his pocket and placed it in Plaintiff's vehicle without permission, against his will and in spite of Plaintiff's request for Officer Hubenak to place his phone with his personal belongings.

134.    Said actions resulted directly and only from a seizure that was clearly unnecessary under the circumstances, and solely for the purpose of maliciously and intentionally inconveniencing the Plaintiff, *and* the tortious interference with Mr. Moore's personal property was objectively unreasonable.

## XIV.   COUNT 8: 42 U.S.C. § 1983 – DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT WHILE IN CUSTODY

135.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as through fully set forth herein.

136.    Under 42 U.S.C. § 1983, Plaintiff claims damages against each individual defendant who, under color of law, jointly and severally, without right or privilege, proximately and directly caused harm by delaying or denying him medical attention, in violation of the United States

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 27 of 32

Constitution.

137.    Plaintiff's injuries were so severe that he was immediately turned away from the jail because of the severity of his injuries.

138.    Individual Defendants ignored and/or denied Plaintiff's requests for an ambulance.

139.    Individual Defendants failed to call an ambulance to the scene to evaluate or treat Plaintiff's injuries.

140.    Individual Defendants were aware that Plaintiff sustained injuries due to the actions of Defendant HUBENAK.

141.    Any reasonable and prudent officer, in the same or similar circumstance would have known that Plaintiff's injuries required urgent care.

142.    Individual Defendants' denial of Plaintiff's requests for an ambulance, failure to provide Plaintiff access to medical care until several hours after he sustained his injuries, and only after being instructed to do so, clearly shows that the arresting officers acted with a deliberate indifference to Plaintiff's medical condition.

143.    Had the Individual Defendants provided Plaintiff with immediate medical attention, Plaintiff's facial disfigurement may not have been permanent.

144.    In addition to duties that the individual defendants not personally violate the Constitution, HPD officers have affirmative duties to protect in-custody detainees and/or arrestees such as LARRY MOORE at the time of his arrest.  Even if they did not attack him personally, the defendants acted intentionally, with reckless or callous indifference to constitutional rights, or otherwise with such disregard of consequences as to show deliberate indifference to the serious injuries LARRY MOORE sustained, in a manner that deprived him of his constitutional rights and perpetuated *and* exacerbated his physical and mental pain and suffering.

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425J - Page 28 of 32

145.    In addition to individual defendants whose liability reflects the first-hand knowledge of LARRY MOORE being beaten, supervisory law enforcement officers should have been - and on information and belief actually were - told of both the assault and LARRY MOORE's injuries well before his transport to HPD central jail.  Such supervisory officers have, and violated, clearly established constitutional duties to protect in-custody detainees such as LARRY MOORE, including duties to discipline officers, remove them from duty, and provide training, as well as to assure care for injured arrestees.

146.    Defendants HPD and CITY OF HOUSTON are liable to Plaintiff because they failed to train, re-train, or discipline the officers responsible for his deprivation of rights, and moreover, for their failure to promulgate or implement policies that protect arrestees, and adequately apprises its employees of their duty to provide access to medical treatment.

## XV.    <u>DAMAGES</u>

147.    Defendants' wrongful activities, actions, and/or inactions, as detailed above, proximately caused personal injury and damage to Plaintiff, which include the following:

a. Nominal Damages.

b. Actual Damages.

c. Compensatory Damages.

d. Past and Future Mental Anguish Damages. The mental anguish Plaintiff suffered in the past and will continue to suffer in the future as a result of LARRY MOORE'S injuries.

e. Plaintiff's loss of companionship and society from the date of the incident and which will continue in the future.

f. Physical pain in the past. The physical pain and suffering LARRY MOORE suffered as a result of his injuries sustained due to the actions/omissions of Defendants.

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425J - Page 29 of 32

g. The physical incapacity and impairment suffered by LARRY MOORE.

h. The mental anguish LARRY MOORE suffered as a result of his physical injuries sustained by Defendants.

i. The amount of reasonable medical expenses necessarily incurred in the past.

j. Attorney's Fees, pursuant to 42 U.S.C. §§ 1983, 1988, et seq.

k. Expert Fees, pursuant to 42 U.S.C. §§ 1983, 1988, et seq.

l. Punitive Damages, as to Defendant Officer KEVIN HUBENAK.

m. Unliquidated damages within the jurisdictional limits of this court.

n. Pre-judgment and post-judgment interest. TEX. FIN. CODE §304.001, et seq., and any other applicable law.

## XVI.   REQUESTS FOR DISCLOSURE

148.   Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XVII.   JURY DEMAND

149.   PLAINTIFF demands a jury trial and tender the appropriate fee with this petition.

## XVIII.   PRAYER

150.   WHEREFORE, PREMISES CONSIDERED, PLAINTIFF asks that the Court issue citation for Defendants to appear and answer, and that PLAINTIFF be awarded a judgment against Defendants for the following:

a. Nominal Damages.

b. Actual Damages.

c. Compensatory Damages.

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425 - Page 30 of 32

d. Past and Future Mental Anguish Damages. The mental anguish Plaintiff suffered in the past and will continue to suffer in the future as a result of LARRY MOORE'S injuries.

e. Plaintiff's loss of companionship and society from the date of the incident and which will continue in the future.

f. Physical pain in the past. The physical pain and suffering LARRY MOORE suffered as a result of his injuries sustained due to the actions/omissions of Defendants.

g. The physical incapacity and impairment suffered by LARRY MOORE.

h. The mental anguish LARRY MOORE suffered as a result of his physical injuries sustained by Defendants.

i. The amount of reasonable medical expenses necessarily incurred in the past.

j. Attorney's Fees, pursuant to 42 U.S.C. §§ 1983, 1988, et seq.

k. Expert Fees, pursuant to 42 U.S.C. §§ 1983, 1988, et seq.

l. Punitive Damages, as to Defendant Officer K. Hubenak.

m. Unliquidated damages within the jurisdictional limits of this court.

n. Pre-judgment and post-judgment interest. TEX. FIN. CODE §304.001, et seq., and any other applicable law.

151.   PLAINTIFF pray for all other relief to which Plaintiff is justly entitled.


Respectfully submitted,

**ANDRE EVANS & ASSOCIATES, PLLC**

*Andre Evans*
_____
ANDRE D. EVANS
TSB#: 24082970
3003 South Loop West, Suite 108
Houston, Texas 77054
281-778-8353 – facsimile
832-304-1059 – phone

For Official Governmental Use Only - Do Not Disseminate to the Public: 7582425 - Page 31 of 32

andre@attorneyandreevans.com

**ATTORNEYS FOR PLAINTIFF**

For Official Governmental Use Only - Do Not Disseminate to the Public: 75824253 - Page 32 of 32



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 15, 2017

Certified Document Number:        75824253 Total Pages:  32

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO.  201744946

RECEIPT NO.                    75.00        CO1
        **********                    TR # 73396375

PLAINTIFF: MOORE, LARRY                    In The    165th
                vs.                        Judicial District Court
DEFENDANT: CITY OF HOUSTON                 of Harris County, Texas
                                           165TH DISTRICT COURT
                                           Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: HOUSTON POLICE DEPARTMENT
    1200 TRAVIS  HOUSTON TX 77002

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL</u>

This instrument was filed on the <u>7th day of July, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 20th day of July, 2017, under my hand and
seal of said Court.

<u>Issued at request of:</u>
EVANS, ANDRE D'SHAWN
3003  SOUTH LOOP WEST 108
HOUSTON, TX  77054
Tel: (281) 883-8385
<u>Bar No.:</u>  24082970

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: PEREZ, ANITA IOJ//10724371

FILED
Chris Daniel
District Clerk
JUL 28 2017
Time:
By
Deputy

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                    _____
                                    _____ of _____County, Texas

_____          By  _____
            Affiant                                Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                              Notary Public

*73396375*



ANITA PEREZ   Enterprise Menu   Contact Admin   Change Password   Logout 274 (.25)

**Welcome to the District Clerk**

**Case Accounting Tracking System**

New Assmt. Transaction | New Pymt. Transaction | Search Transactions | Unvalidated Transactions | Pending Adjustments | New Trans. Adjustment | New Case Adjustment | New Receipt Adjustment | Search Adjustments | AIW Batch

## General Fee Inquiry

| | | | |
|---|---|---|---|
| **Cashier** | Texas.gov 105 SYSTEM GENERATED | **TransID:** 210700055 | **Status:** Validated |
| **Assess User:** NELSON CUERO | | **Receipt Number:** 481080 | **Validation Date:** 7/7/2017 |
| **Assess Cust Name:** I0033546 - Andre Evans | | | **Register:** 105 |

**Resp. CustID:** I0033546

**Name:** Andre Evans      **Accept Checks:** Yes

**Address:** 3003 South Loop West Suite 108
Houston, TX 77054      **Accept Credit Card:** Yes

**Country:**

**Assessed Dt:** 07/07/2017      **TOAC:** OID      **Pay Status:** DP

**Case Number:** 201744946      **CDI:** 7      **Case Type:** PERSONAL INJ (NON-AUTO)

           **[ Public Case]**

**Style:** MOORE, LARRY vs CITY OF HOUSTON      **Court:** 165th

**Comments:** Envelope number: 18052895 - 0

### Assessments

| Fee Code | Description | Quantity | Unit Price | Amount Assessed | Amount Collected | Amount Due |
|---|---|---|---|---|---|---|
| 100 | FILING NEW CASE | 1 | 50.00 | 50.00 | 0.00 | 50.00 |
| 121 | CITATION WITH 1 COPY | 3 | 8.00 | 24.00 | 0.00 | 24.00 |
| 175 | DISTRICT COURT RECORDS ARCHIVE FEE | 1 | 10.00 | 10.00 | 0.00 | 10.00 |
| 176 | DIGITAL REC PRESERVATION FEE | 1 | 10.00 | 10.00 | 0.00 | 10.00 |
| 178 | ELECTRONIC FILING FEE - STATE | 1 | 30.00 | 30.00 | 0.00 | 30.00 |
| 179 | ELECTRONIC FILING FEE - DCO | 1 | 2.00 | 2.00 | 0.00 | 2.00 |
| 195 | SECURITY SERVICE FEE | 1 | 5.00 | 5.00 | 0.00 | 5.00 |
| 198 | DIST CLK RECORDS MGMT / PRES FEE | 1 | 5.00 | 5.00 | 0.00 | 5.00 |
| 199 | RECORD PRESERVATION FEE | 1 | 5.00 | 5.00 | 0.00 | 5.00 |
| 450 | JUDICIAL FILING FEE - CIVIL | 1 | 50.00 | 50.00 | 0.00 | 50.00 |
| 452 | LEGAL SRVCS FEE-CIVIL/DIST | 1 | 10.00 | 10.00 | 0.00 | 10.00 |
| 453 | SUPPORT OF JUDICIARY FEE | 1 | 42.00 | 42.00 | 0.00 | 42.00 |
| 475 | LAW LIBRARY | 1 | 15.00 | 15.00 | 0.00 | 15.00 |
| 525 | STENO FEE | 1 | 15.00 | 15.00 | 0.00 | 15.00 |
| 601 | DISPUTE RESOLUTION FEE | 1 | 10.00 | 10.00 | 0.00 | 10.00 |
| 775 | APPELLANT JUDICIAL FUND | 1 | 5.00 | 5.00 | 0.00 | 5.00 |
| | | | **Total:** | **$288.00** | **$0.00** | **$288.00** |

( New Adjustment )    ( Adjustment History )    ( Reprint Receipt )    ( View Receipt Detail )

( View eFile Receipt )

For Official Governmental Use Only - Do Not Disseminate to the Public: 7619I549 - Page 2 of 4



ANITA PEREZ   Enterprise Menu   Contact Admin   Change Password   Logout 274 (.25)

  

**Welcome to the District Clerk**

**C**ase **A**ccounting **T**racking **S**ystem

New Assmt.   New Pymt.   Search   Unvalidated   Pending   New Trans.   New Case   New Receipt   Search   AIW
Transaction   Transaction   Transactions   Transactions   Adjustments   Adjustment   Adjustment   Adjustment   Adjustments   Batch

## General Fee Inquiry



| | | | | |
|---|---|---|---|---|
| **Cashier:** | Texas.gov 105 SYSTEM GENERATED | **TransID:** 210719439 | **Status:** Validated | |
| **Assess User:** | CONVERSION USER | **Receipt Number:** 483137 | **Validation Date:** 7/14/2017 | |
| **Assess Cust Name:** | I0033546 - Andre Evans | | | **Register:** 105 |

**Resp. CustID:** I0033546

**Name:** Andre Evans                    **Accept Checks:** Yes

**Address:** 3003 South Loop West Suite 108                    **Accept Credit Card:** Yes
Houston, TX 77054

**Country:**

**Assessed Dt:** 07/14/2017        **TOAC:** OTH        **Pay Status:** DP

**Case Number:** 201744946        **CDI:** 7        **Case Type:** PERSONAL INJ (NON-AUTO)
[ Public Case ]

**Style:** MOORE, LARRY vs CITY OF HOUSTON        **Court:** 165th

**Comments:** Envelope number: 18183411 - 0

### Assessments

| Fee Code | Description | Quantity | Unit Price | Amount Assessed | Amount Collected | Amount Due |
|---|---|---|---|---|---|---|
| 179 | ELECTRONIC FILING FEE - DCO | 1 | 2.00 | 2.00 | 0.00 | 2.00 |
| 298 | SERVICE COPIES | 3 | 0.25 | 0.75 | 0.00 | 0.75 |
| 359 | CONST-ALL OTHER SERVICE | 3 | 100.00 | 300.00 | 0.00 | 300.00 |
| | | | Total: | $302.75 | $0.00 | $302.75 |

( New Adjustment )   ( Adjustment History )   ( Reprint Receipt )   ( View Receipt Detail )

( View eFile Receipt )

For Official Governmental Use Only - Do Not Disseminate to the Public: 76191549 - Page 3 of 4

## Constable Return of Corporation

Cause #: <u>201744946</u>                                                   Tracking #: <u>73396375</u>

In the case of <u>MOORE, LARRY</u> VS <u>CITY OF HOUSTON</u> a <u>CITATION</u> and attached <u>PETITION</u> was
issued by the <u>165th Judicial District</u> court of <u>Harris</u> County, and came to hand on the <u>25</u> day of <u>July</u>, <u>2017</u> at <u>10:52AM</u> to be delivered at <u>1200 TRAVIS ST</u>, <u>HOUSTON</u>, Tx <u>77002</u> by delivering to:
<u>HOUSTON POLICE DEPARTMENT</u>

---

### Service of Corporation

Executed the same in <u>HARRIS</u> County, Texas, on the <u>27</u> day of <u>July</u>, <u>2017</u> at <u>10:00AM</u> by
summoning <u>HOUSTON POLICE DEPARTMENT</u> a Corporation at <u>1200 TRAVIS ST</u>, <u>HOUSTON</u>,
Texas <u>77002</u> By delivering to <u>TUAN A NGUYEN</u> in person the <u>STAFF ATTORNEY</u> of said Corporation a
true copy of this <u>CITATION</u>, together with the accompanying certified copy of the <u>PETITION</u>

---

Fee Due $    0.00

by Deputy <u>Raymond Wierzbicki - 1C64</u>
            <span style="font-size:small">Printed</span>

Deputy Signature 

Attempts:    2

Alan Rosen , Constable Precinct #1

Harris County Texas

1302 Preston, 3rd Floor
Houston Texas 77002
713.755.5200

**TUAN A NGUYEN**
**STAFF ATTORNEY – LEGAL SERVICES UNIT**
**CHIEF'S COMMAND**

## HOUSTON POLICE DEPARTMENT
**1200 TRAVIS, 16TH FLOOR    HOUSTON, TEXAS 77002  713-308-1660**
**HOUSTON, TEXAS 77002                    FAX: 713-308-1671**

For Official Governmental Use Only - Do Not Disseminate to the Public: 76191549 - Page 4 of 4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 15, 2017

Certified Document Number:        76191549 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO. 201744946

RECEIPT NO. .75.00 CO1

TR # 73396373

PLAINTIFF: MOORE, LARRY
vs.
DEFENDANT: CITY OF HOUSTON

In The 165th
Judicial District Court
of Harris County, Texas
165TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

**FILED**
**Chris Daniel**
**District Clerk**

AUG - 3 2017
Time: 8:00 AM
By: _____
Harris County, Texas
Deputy

TO: HUBENAK, KEVIN (OFFICER)
1200 TRAVIS HOUSTON TX 77002
Attached is a copy of PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

This instrument was filed on the 7th day of July, 2017, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 20th day of July, 2017, under my hand and seal of said Court.

Issued at request of:
EVANS, ANDRE D'SHAWN
3003 SOUTH LOOP WEST 108
HOUSTON, TX 77054
Tel: (281) 883-8385
Bar No.: 24082970

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: PEREZ, ANITA IOJ//10724371

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____County, Texas

_____
Affiant

By _____
Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

N.INT.CITR.P

*73396373*

For Official Governmental Use Only - Do Not Disseminate to the Public: 76272650 - Page 1 of 8

## Constable Return Of Individual

Cause #: <u>201744946</u>

Tracking #: <u>73396373</u> ✓

In the case of <u>MOORE, LARRY</u> VS <u>CITY OF HOUSTON</u> a <u>CITATION</u> and attached <u>PETITION</u> was issued by the <u>165th Judicial District</u> court of <u>Harris</u> County, <u>TX</u> and came to hand on the <u>25</u> day of <u>July</u> , <u>2017</u> at <u>10:50AM</u> to be delivered at <u>1200 TRAVIS ST</u>, <u>HOUSTON</u>, Tx <u>77002</u> by delivering to: <u>HUBENAK, KEVIN (OFFICER)</u>

---

### Service of Individual

Executed in <u>HARRIS</u> County, Texas by delivering to each of the within name defendant by <u>PERSONAL SERVICE</u> ; a true copy of this <u>CITATION</u> together with the accompanying copy of the <u>PETITION</u>, at the following times and places:

| Name | Date | Time | Full Address of Service |
|------|------|------|--------------------------|
| HUBENAK, KEVIN (OFFICER) | 8/1/2017 | 12:35PM | 1200 TRAVIS ST HOUSTON Tx 77002 |

Fee Due $ <u>0.00</u>

by Deputy <u>Raymond Wierzbicki - 1C64</u>
Printed

Deputy Signature

Attempts: <u>3</u>

**Alan Rosen , Constable Precinct #1**

**Harris County Texas**

1302 Preston, 3rd Floor
Houston Texas 77002
713.755.5200

For Official Governmental Use Only - Do Not Disseminate to the Public: 76272650 - Page 2 of 8



**ANITA PEREZ**  Enterprise Menu  Contact Admin  Change Password  Logout 274 (.25)

# Welcome to the District Clerk
# Case Accounting Tracking System

New Assmt. Transaction | New Pymt. Transaction | Search Transactions | Unvalidated Transactions | Pending Adjustments | New Trans. Adjustment | New Case Adjustment | New Receipt Adjustment | Search Adjustments | AIW Batch

## General Fee Inquiry

|  |  |  |  |  |
|---|---|---|---|---|
| **Cashier** | Texas.gov 105 SYSTEM GENERATED | **TransID:** 210700055 | **Status:** Validated |
| **Assess User:** NELSON CUERO | | **Receipt Number:** 481080 | **Validation Date:** 7/7/2017 |
| **Assess Cust Name:** I0033546 - Andre Evans | | | **Register:** 105 |
| **Resp. CustID:** I0033546 | | | |
| **Name:** Andre Evans | | **Accept Checks:** Yes | |
| **Address:** 3003 South Loop West Suite 108 Houston, TX 77054 | | | **Accept Credit Card:** Yes |
| **Country:** | | | |
| **Assessed Dt:** 07/07/2017 | **TOAC:** OID | | **Pay Status:** DP |
| **Case Number:** 201744946 | **CDI:** 7 | | **Case Type:** PERSONAL INJ (NON-AUTO) |
| **[ Public Case ]** | | | |
| **Style:** MOORE, LARRY vs CITY OF HOUSTON | | **Court:** 165th | |
| **Comments:** Envelope number: 18052895 - 0 | | | |

## Assessments

| Fee Code | Description | Quantity | Unit Price | Amount Assessed | Amount Collected | Amount Due |
|---|---|---|---|---|---|---|
| 100 | FILING NEW CASE | 1 | 50.00 | 50.00 | 0.00 | 50.00 |
| 121 | CITATION WITH 1 COPY | 3 | 8.00 | 24.00 | 0.00 | 24.00 |
| 175 | DISTRICT COURT RECORDS ARCHIVE FEE | 1 | 10.00 | 10.00 | 0.00 | 10.00 |
| 176 | DIGITAL REC PRESERVATION FEE | 1 | 10.00 | 10.00 | 0.00 | 10.00 |
| 178 | ELECTRONIC FILING FEE - STATE | 1 | 30.00 | 30.00 | 0.00 | 30.00 |
| 179 | ELECTRONIC FILING FEE - DCO | 1 | 2.00 | 2.00 | 0.00 | 2.00 |
| 195 | SECURITY SERVICE FEE | 1 | 5.00 | 5.00 | 0.00 | 5.00 |
| 198 | DIST CLK RECORDS MGMT / PRES FEE | 1 | 5.00 | 5.00 | 0.00 | 5.00 |
| 199 | RECORD PRESERVATION FEE | 1 | 5.00 | 5.00 | 0.00 | 5.00 |
| 450 | JUDICIAL FILING FEE - CIVIL | 1 | 50.00 | 50.00 | 0.00 | 50.00 |
| 452 | LEGAL SRVCS FEE-CIVIL/DIST | 1 | 10.00 | 10.00 | 0.00 | 10.00 |
| 453 | SUPPORT OF JUDICIARY FEE | 1 | 42.00 | 42.00 | 0.00 | 42.00 |
| 475 | LAW LIBRARY | 1 | 15.00 | 15.00 | 0.00 | 15.00 |
| 525 | STENO FEE | 1 | 15.00 | 15.00 | 0.00 | 15.00 |
| 601 | DISPUTE RESOLUTION FEE | 1 | 10.00 | 10.00 | 0.00 | 10.00 |
| 775 | APPELLANT JUDICIAL FUND | 1 | 5.00 | 5.00 | 0.00 | 5.00 |
| | | | **Total:** | **$288.00** | **$0.00** | **$288.00** |

( New Adjustment )   ( Adjustment History )   ( Reprint Receipt )   ( View Receipt Detail )

( View eFile Receipt )

For Official Governmental Use Only - Do Not Disseminate to the Public: 76272650 - Page 3 of 8

For Official Governmental Use Only - Do Not Disseminate to the Public: 76272650 - Page 4 of 8

**ANITA PEREZ**   Enterprise Menu   Contact Admin   Change Password   Logout 274 (.25)

**Welcome to the District Clerk**

 

**Case Accounting Tracking System**

| New Assmt. Transaction | New Pymt. Transaction | Search Transactions | Unvalidated Transactions | Pending Adjustments | New Trans. Adjustment | New Case Adjustment | New Receipt Adjustment | Search Adjustments | AIW Batch |

## General Fee Inquiry

**Cashier:** Texas.gov 105 SYSTEM GENERATED    **TransID:** 210719439    **Status:** Validated

**Assess User:** CONVERSION USER    **Receipt Number:** 483137    **Validation Date:** 7/14/2017

**Assess Cust Name:** I0033546 - Andre Evans    **Register:** 105

**Resp. CustID:** I0033546

**Name:** Andre Evans    **Accept Checks:** Yes

**Address:** 3003 South Loop West Suite 108 Houston, TX 77054    **Accept Credit Card:** Yes

**Country:**

**Assessed Dt:** 07/14/2017    **TOAC:** OTH    **Pay Status:** DP

**Case Number:** 201744946    **CDI:** 7    **Case Type:** PERSONAL INJ (NON-AUTO)

    **[ Public Case]**

**Style:** MOORE, LARRY vs CITY OF HOUSTON    **Court:** 165th

**Comments:** Envelope number: 18183411 - 0

### Assessments

| Fee Code | Description | Quantity | Unit Price | Amount Assessed | Amount Collected | Amount Due |
|---|---|---|---|---|---|---|
| 179 | ELECTRONIC FILING FEE - DCO | 1 | 2.00 | 2.00 | 0.00 | 2.00 |
| 298 | SERVICE COPIES | 3 | 0.25 | 0.75 | 0.00 | 0.75 |
| 359 | CONST-ALL OTHER SERVICE | 3 | 100.00 | 300.00 | 0.00 | 300.00 |
| | | | Total: | $302.75 | $0.00 | $302.75 |

( New Adjustment )   ( Adjustment History )   ( Reprint Receipt )   ( View Receipt Detail )

( View eFile Receipt )

For Official Governmental Use Only - Do Not Disseminate to the Public: 76272650 - Pag

## Wierzbicki, Ray (Constable Precinct 1)

**From:** 7138761095@messaging.sprintpcs.com
**Sent:** Tuesday, August 01, 2017 11:03 AM
**To:** Wierzbicki, Ray (Constable Precinct 1)
**Subject:** 1/2

Fwd: The deputy can deliver the subpoena to the receptionist with the Vice Division on the 4th floor of 1200 Travis.  The
rece

## Wierzbicki, Ray (Constable Precinct 1)

**From:** 7138761095@messaging.sprintpcs.com
**Sent:** Tuesday, August 01, 2017 11:03 AM
**To:** Wierzbicki, Ray (Constable Precinct 1)
**Subject:** 2/2

ptionist will place the subpoena

For Official Governmental Use Only - Do Not Disseminate to the Public: 76272650 - Page

For Official Governmental Use Only - Do Not Disseminate to the Public: 76272650 - Page

## Wierzbicki, Ray (Constable Precinct 1)

**From:**             7138761095@messaging.sprintpcs.com
**Sent:**             Tuesday, August 01, 2017 11:02 AM
**To:**               Wierzbicki, Ray (Constable Precinct 1)
**Subject:**          1/2

Fwd:  in Officer Hubenak's mail box for his pick up.

        Thank you,

        Kevin

For Official Governmental Use Only - Do Not Disseminate to the Public: 76272650 - Page

## Wierzbicki, Ray (Constable Precinct 1)

**From:** 7138761095@messaging.sprintpcs.com
**Sent:** Tuesday, August 01, 2017 11:02 AM
**To:** Wierzbicki, Ray (Constable Precinct 1)
**Subject:** 2/2

Hubenak



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 15, 2017

Certified Document Number:      76272650 Total Pages:  8

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/8/2017 12:27 PM
Chris Daniel - District Clerk Harris County
Envelope No. 18704427
By: Anita Perez
Filed: 8/8/2017 12:27 PM



**ATTORNEYS AT LAW**
**A PROFESSIONAL LIMITED LIABILITY COMPANY**
3003 SOUTH LOOP WEST, HOUSTON, TEXAS 77054
TELEPHONE: 832.304.1059
FACSIMILE: 832-778-8353

August 8, 2017

VIA E-File
Mr. Chris Daniels
Harris County District Clerk
P.O. Box 4651
Houston, TX 77210

RE: Cause No. 2017-44946; Larry Moore, Jr., v. Kevin Hubenak, et. al.; in the 165th Judicial District Court of Harris County, Texas.

Dear Mr. Daniel:

      Attached please find Plaintiff's Original Petition and Requests for Disclosure. Please file the Petition in your usual manner, and prepare Citations for the following Defendants and return to our letterhead address so that service of process can be accomplished.

1. City of Houston c/o Ms. Anna Russell, City Secretary, P.O. Box 1562, Houston, Texas 77251

The appropriate filing fees have been transmitted with this transaction. Thank you for your professional courtesies in this regard. Should you have any questions or need for additional information, please do not hesitate to call.

                    Sincerely,

                    /s/Andre D. Evans
                    Andre D. Evans

For Official Governmental Use Only - Do Not Disseminate to the Public: 7626565 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 15, 2017

Certified Document Number:        76265565 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**