United States District Court
Southern District of Texas
**ENTERED**
August 15, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY MOORE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2505 |
| | § | |
| HOUSTON POLICE DEPARTMENT, | § | |
| CITY OF HOUSTON, and | § | |
| KEVIN HUBENAK | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant Officer Kyle Kelly's ("Officer Kelly") Motion to Dismiss (Doc. 34). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED IN PART AND DENIED IN PART**.

### I. Case Background

Plaintiff filed this civil rights action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983") in connection with a traffic stop in which Plaintiff was the driver.[2]

**A. Factual Background**[3]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 14, Ord. Dated Oct. 27, 2017.

[2] See Doc. 29, Pl.'s 2d Am. Compl.

[3] The following factual account is derived from Plaintiff's second amended complaint.

On July 7, 2015, Plaintiff was driving his vehicle, with Michael Brooks ("Brooks") in the front passenger seat.[4] Around 7:40 p.m., Defendant Officer Kevin Hubenak ("Officer Hubenak") and Officer Kelly pulled Plaintiff over for a defective taillight.[5] After pulling over, Officer Hubenak and Officer Kelly approached the driver and passenger sides of Plaintiff's car.[6] The officers asked Plaintiff and Brooks to step out of the vehicle, and they complied.[7] An argument developed between Brooks and Officer Kelly, after which Brooks fled on foot and Officer Kelly pursued him.[8] Upon seeing Brooks run, Officer Hubenak body-slammed Plaintiff onto the ground, causing Plaintiff to lose consciousness and suffer a severe facial laceration.[9]

When Plaintiff awoke, he found that one of his hands was handcuffed and Officer Hubenak was punching his face and body.[10] When Officer Hubenak realized that Plaintiff had regained consciousness, he began kicking Plaintiff and did not stop until passers-by yelled at him to do so.[11] Officer Hubenak then handcuffed

---

[4] See id. p. 4.
[5] See id. pp. 4-5.
[6] See id. p. 5.
[7] See id.
[8] See id.
[9] See id.
[10] See id.
[11] See id.

Plaintiff's other hand and placed his boot on Plaintiff's head to detain him.[12] After observing Plaintiff's injuries, Officer Hubenak enlisted a civilian to detain Plaintiff by the same method.[13] Officer Hubenak confiscated Plaintiff's phone during a search of his person.[14] Plaintiff asked for his phone back, but Officer Hubenak refused to return the phone and threw it in Plaintiff's car knowing it was to be towed.[15]

Plaintiff was placed into the back of a patrol car.[16] Plaintiff repeatedly requested medical attention.[17] Plaintiff's requests were denied, and he was mocked for his injuries by other officers on the scene.[18]

Plaintiff was transported to jail, where he told several sergeants and City of Houston employees of Officer Hubenak's conduct, believing at the time he was making a formal complaint.[19] Plaintiff was denied admittance to the jail due to "blunt facial trauma".[20] The medical examiner at the jail told the transporting

---

[12]  See id. pp. 5-6.

[13]  See id. p. 7.

[14]  See id.

[15]  See id.

[16]  See id.

[17]  See id. pp. 6, 8.

[18]  See id. p. 8.

[19]  See id. p. 12.

[20]  Id. p. 8.

officer to take Plaintiff to the hospital.[21] Though not under arrest, Plaintiff was transported and received treatment while in handcuffs.[22] It took over two hours for Plaintiff to receive medical treatment.[23] At the hospital, J. Wuhantu, M.D., ("Dr. Wuhantu") asked the transporting officer how Plaintiff got injured, to which the officer replied that Plaintiff was already injured when the officer arrived on scene.[24] Dr. Wuhantu told the transporting officer to summons the officer responsible for Plaintiff's injuries to the hospital for questioning, however, Officer Hubenak did not appear.[25] It was not until Dr. Wuhantu pointed out that Plaintiff should not be handcuffed if he was not under arrest that the transporting officer removed Plaintiff's handcuffs.[26] After treatment, Plaintiff was released from custody.[27]

After Plaintiff's arrest, Officer Hubenak and Officer Kelly found marijuana underneath the passenger seat of Plaintiff's truck.[28] Officer Hubenak reported that as Officer Kelly approached Plaintiff's vehicle, Officer Kelly saw Brooks move a black garbage

---

[21] Id.
[22] Id. p. 9.
[23] Id.
[24] Id. pp. 9.
[25] Id.
[26] Id.
[27] Id. p. 7.
[28] See id. p. 11.

4

bag containing clear plastic bags filled with marijuana from the center console of the car to underneath the passenger seat.[29] Officer Hubenak states he did not see this himself.[30] Officer Kelly's statement does not include an assertion that marijuana was in plain view when approaching the vehicle.[31]

Plaintiff was later arrested and pled guilty to misdemeanor possession of marijuana.[32]

### B. Procedural Background

On July 7, 2017, Plaintiff filed this action in the 165th Judicial District Court of Harris County, naming the City of Houston, the Houston Police Department, and Kevin Hubenak as defendants.[33] Plaintiff also named John and Jane Doe, representing officers on scene whose names had not yet been discovered, as defendants.[34] Plaintiff alleged that he was "violently beaten, harassed, taunted, wrongfully arrested and denied medical attention." as a result of a traffic stop where he was "not attempting to evade or resist arrest."[35]

---

[29] See id. p. 10.

[30] See id.

[31] See id.

[32] See id. p. 11; Doc. 14, Ex. 1 to Def. Kelly's Mot. to Dismiss, Guilty Plea.

[33] See Doc. 14, Ex. D to Def. Hubenak's Not. Of Removal, Pl.'s Compl. p. 1.

[34] See id. p. 2.

[35] Id. pp. 1, 8-9.

5

Officer Hubenak removed the suit to this court on August 16, 2017.[36] Defendant City of Houston filed a motion to dismiss on January 5, 2018.[37] On January 25, 2018, Plaintiff filed an amended complaint, identifying Officer Kyle Kelly as Officer Hubenak's partner.[38] On February 9, 2018, Defendants Kevin Hubenak and the City of Houston filed a joint amended motion to dismiss.[39]

Plaintiff filed a second amended complaint on February 22, 2018, identifying Defendant Sergeant Glin Whitehead ("Sergeant Whitehead") as the on-duty sergeant.[40] On March 16, 2018, the City of Houston and Kevin Hubenak filed an answer to the second amended complaint, but they did not file another motion to dismiss.[41] On May 11, 2018, Officer Kelly filed the pending motion to dismiss on the claims of excessive force, unreasonable search and seizure, and denial of medical care alleged against him.[42] Plaintiff has not filed a response.

## II. Legal Standard

---

[36] See Doc. 1, Def. Hubenak's Not. Of Removal.

[37] See Doc. 23, Def. City of Houston's Mot. to Dismiss.

[38] See Doc. 26, Pl.'s Am. Compl. Though identified as Officer Hubenak's partner, Kyle Kelly was not yet named as a defendant in this motion.

[39] See Doc. 27, Pl.'s Mot. to Dismiss.

[40] See Doc. 29, Pl.'s 2d Am. Mot. To Dismiss.

[41] See Doc. 33, Def. City of Houston and Def. Hubenak's Ans. to Pl.'s 2d Am. Compl. Defendants did not file another motion to dismiss and have abandoned earlier motion to dismiss.

[42] See Doc. 34, Def. Kelly's Mot. To Dismiss.

6

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. V. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

### III. Analysis

Officer Kelly has requested the court take judicial notice of Plaintiff's guilty plea for possession of marijuana, and alleges this plea bars Plaintiff's unreasonable search and seizure claim

7

under Heck v. Humphrey 517 U.S. 477 (1994). Additionally, Officer Kelly contends that Plaintiff has not pled facts sufficient to make claims of excessive force or denial of medical treatment against him.

## A. Judicial Notice

Officer Kelly asks the court to take judicial notice of Plaintiff's guilty plea for possession of marijuana. Plaintiff asserts he has maintained his innocence. Judicial notice is proper for a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b).

The court can consider "matters of which judicial notice may be taken" in ruling on a motion to dismiss. Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 379 (5th Cir. 2003). Courts may take judicial notice of the existence of court orders, as they are matters of public record. Basler v. Barron, No. H-15-2254, 2016 WL 1672573, at *2 (S.D. Tex. Apr. 27, 2016)(unpublished)(citing Davis v. Bayless, 70 F. 3d 367, 372 (5th Cir. 1995)). In this case, the guilty plea is a matter of public record and, therefore, the court may take judicial notice of the existence of these documents.

## B. Heck v. Humphrey

Officer Kelly asserts that Plaintiff's unreasonable search and seizure is barred under Heck.

A plaintiff can establish a prima facie case under Section 1983[43] by alleging 1) a violation of a federal constitutional or statutory right; and 2) that the violation was committed by an individual acting under the color of state law. Moody v. Farrell, 868 F.3d 348, 351 (5th Cir. 2017). The statute creates no substantive rights, but only provides remedies for deprivations of rights created under federal law. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

When a plaintiff who brings a Section 1983 claim for damages has been convicted or sentenced in a prior criminal proceeding, the district court must consider whether "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. Should there exist such a connection between the Section 1983 claim and the plaintiff's conviction or sentence, the plaintiff has no cause of action under Section 1983 unless the conviction or sentence is expunged or invalidated. Id. at 487.

---

[43] Section 1983 provides that:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

>The Supreme Court explained:
>
>>[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

Id. at 486-87.  The Supreme Court emphasized that it would be inappropriate to allow a collateral attack on the validity of criminal judgments via civil tort actions, pointing to judicial policies of "avoid[ing] parallel litigation over the issues of probable cause and guilt" and preventing "conflicting resolutions arising out of the same or identical transaction." Id. at 484-85 (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5 (1991)).

Officer Kelly argues that Plaintiff's recovery for his search and seizure claim would be precluded because of the connection between the claim and Plaintiff's guilty plea for possession of marijuana.  No evidence has been submitted to show that Plaintiff's "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" as required. See Heck, 512 U.S. at 486-87.  Thus, the court must determine if a successful Section 1983 would "necessarily imply the invalidity of

his conviction or sentence." Id. (quoting Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996)); see also Ballard v. Burton, 444 F.3d 391, 400 (5th Cir. 2009)(holding that a Section 1983 claim of excessive force and a conviction of simple assault were "conceptually different" such that "a successful suit on the former would not necessarily imply the invalidity of the latter").

Plaintiff's unreasonable search and seizure claim is based on the seizure of his cell phone during the traffic stop. Plaintiff asserts that Officer Hubenak unreasonably seized his cell phone when he threw it in Plaintiff's car, which was about to be towed. The facts indicate no connection between Plaintiff's cell phone and his guilty plea of possession of marijuana. Since the "challenged search" did not produce evidence that was used in Plaintiff's subsequent criminal proceedings, a court's finding the seizure was unreasonable would not implicate the validity of the search of Plaintiff's vehicle. Based on the facts alleged in Plaintiff's complaint, the court concludes that a successful judgment the wrongful seizure of Plaintiff's phone may coexist with the marijuana conviction. Thus, Plaintiff's claims are not barred under Heck.

## C. Insufficient Allegations

Officer Kelly asserts that Plaintiff failed to make specific allegations against him as to his claims for excessive force and denial of medical treatment.

11

In addition to making other constitutional protections applicable to state actors, the Fourteenth Amendment[44] prohibits state actors from depriving individuals of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV. All of Plaintiff's Fourteenth Amendment claims fit within this portion of the Fourteenth Amendment.

Arrestees and pretrial detainees have a Fourteenth Amendment due process right to "be secure in [their] basic human needs, such as medical care and safety." Hare v. City of Corinth, Miss., 74 F.3d 633, 647-48 (5th Cir. 1996); see also United States v. Gonzales, 436 F.3d 560, 573 (5th Cir. 2006). This includes the right to be free of excessive force and to be provided medical care. Kitchen v. Dallas Cnty., Tex., 759 F.3d 468, 477 (5th Cir. 2014)(discussing a Fourteenth Amendment claim of excessive force); Jacobs v. W. Feliciana Sheriff's Dep't, 228 F.3d 388, 393 (5th Cir. 2000)(discussing a Fourteenth Amendment claim of failure to provide medical care). Denial of medical treatment is evaluated under the due process clause of the Fourteenth Amendment when Plaintiff is either a pretrial detainee or an arrestee. Nerren v. Livingston Police Dep't, 86 F.3d 469, 474 (5th Cir. 1996).

---

[44] The full text of the first section of the Fourteenth Amendment is:

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Regarding the use of force, a violation occurs when the force is used "maliciously and sadistically for the very purpose of causing harm to the pretrial detainee, rather than in a good faith effort to maintain or restore discipline." Kitchen, 759 F.3d at 477 (quoting United States v. Daniels, 281 F.3d 168, 179 n.10 (5th Cir. 2002), and Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993))(internal quotations marks omitted). With regard to medical care, a state official's "episodic act or omission"[45] violates that right if the official acts or fails to act with subjective deliberate indifference to a detainee's needs. Jacobs, 228 F.3d at 393 (quoting Nerren v. Livingston Police Dep't, 86 F.3d 469, 473 (5th Cir. 1996)). "To be actionable, the detention officer['s] conduct must demonstrate subjective awareness of a substantial risk of serious harm and a failure to take reasonable measures to abate this risk." Kitchen, 759 F.3d at 482.

Plaintiff's claim of excessive force is asserted against all individual defendants, but alleges facts which only detail physical contact with and injuries inflicted by Officer Hubenak. Without facts indicating a use of force by Officer Kelly, Plaintiff cannot state a claim for which relief may be granted against him. Thus, Plaintiff's claims for excessive force against Officer Kelly should be dismissed.

---

[45] A different standard for evaluation is used in conditions of confinement cases. See Hare, 74 F.3d at 644-45.

As to Plaintiff's claim for denial of medical treatment, Officer Kelly argues he did not subjectively know of the need for medical care because the facial trauma detailed in Plaintiff's complaint did not "give rise to a condition that posed a 'high risk' to Moore's health."[46] In his complaint, Plaintiff alleges he requested medical attention multiple times to the officers on-scene, indicating the officers had subjective knowledge of the harm. Plaintiff was only given medical treatment after jail personnel would not accept him due to his "facial trauma."[47] This raises a factual inference that his facial swelling was obvious enough to give indication of the reasonable need of medical attention. Further, the situation was not one of emergency in which another "legitimate governmental objective" interfered with the officers' ability to provide medical attention to Plaintiff. Therefore, the court finds that Plaintiff's facts state a claim for which relief can be granted against Officer Kelly.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion be **GRANTED IN PART AND DENIED IN PART**. The denial of medical treatment and seizure claims remain pending against Officer Kelly.

The Clerk shall send copies of this Memorandum and

---

[46] Doc. 34, Def. Kelly's Mot. to Dismiss p. 5.

[47] Id.

Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 15th day of August, 2018.

_____
U.S. MAGISTRATE JUDGE