IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY MOORE, JR.,** | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-2505 |
| | § | |
| **CITY OF HOUSTON and Individually** | § | **JURY DEMANDED** |
| **KEVIN HUBENAK, KYLE KELLY, G.** | § | |
| **WHITEHEAD and JOHN and JANE** | § | |
| **DOES,** | § | |
|    *Defendants*. | § | |

**DEFENDANT KEVIN HUBENAK'S MOTION TO EXCLUDE TESTIMONY FROM PLAINTIFF'S FOUR NON-RETAINED MEDICAL EXPERTS**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF PROCEEDINGS | 1 |
| II. | STATEMENT OF ISSUES | 1 |
| III. | STANDARD OF REVIEW | 1 |
| IV. | ARGUMENT & AUTHORITIES | 3 |

## TABLE OF AUTHORITIES

*Carr v. Montgomery County*, Civil H-13-2795, 2015 WL 5838862, at *4 (S.D. Tex. Oct. 7, 2015) ............................................................................................................................................... 2

*Cont'l Cas. Co. v. F-Star Property Management*, Civil EP-10-CV-102-KC, 2011 WL 2887457, at *7 (W.D. Tex. July 15, 2011) ................................................................................................ 2

*Primrose Operating Co. v. Nat'l Ins. Co.*, 382 F.3d 546 (5th Cir. 2004) ....................................... 2

*Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171 at *5 (S.D. Tex. Sept. 14, 2015) ................. 1

## STATUTES

Federal Rule of Evidence 702 ........................................................................................................ 1

Federal Rule of Evidence, Rule 703 .............................................................................................. 1

Federal Rule of Evidence, Rule 705 .............................................................................................. 1

Federal Rules of Civil Procedure 26(a)(2)(C) ............................................................................... 1

Federal Rules of Civil Procedure, Rule 26(a) ............................................................................... 1

Federal Rules of Civil Procedure, Rule 37(c)(1) .......................................................................... 2

## I.   NATURE AND STAGE OF PROCEEDINGS

1.   This case involves claims of violation of civil and constitutional rights stemming from the arrest of Larry Moore ("Plaintiff") on or about July 7, 2015 in the City of Houston, Harris County, Texas [Doc. #29].  The remaining claims for trial against Officer Hubenak are:  excessive force, seizure of Plaintiff's cell phone and denial/delay in medical care.

## II.   STATEMENT OF ISSUE

2.   Hubenak seeks to exclude the trial testimony of Plaintiff's medical experts:  Drs. Jeffery Wahantu, Matthew Rushing, Donna Kelly and Sara Goel, listed as non-retained expert witnesses on December 11, 2018 (Doc. #55).  No Rule 26 expert reports were provided by any of these treating doctors.  Defendant contends that Plaintiff's designation is deficient under Fed. R. Civ. P. 26(a)(2)(C).

## III.   STANDARD OF REVIEW

3.   Rule 26(a)(2)(C) requires a party to provide in its disclosures of expert testimony a statement of (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.  *See Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *5 (S.D. Tex. Sept. 14, 2015).

## IV.   ARGUMENT & AUTHORITIES

4.   Plaintiff's expert designation contains a list of topics or subject matters and is without any summary of fact or opinion.  Notably the listed subject matters appear to be generic and reference "the subject crash" (subject matter item "h").  This is further illustrated by Impression and Opinion item "d" ("the subject accident.")  There is no accidental crash in this case.  When a party fails to provide information required by Rule 26(a), "the party is not allowed to use that information or

1

witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). To determine whether a failure is comply is substantially justified or harmless, the court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004).

5. Dispositive motions have been addressed, and discovery has closed. Defendant has been prejudiced by Plaintiff's failure to provide tailored summaries of fact and opinion. *See Cont'l Cas. Co. v. F-Star Property Management*, Civil EP-10-CV-102-KC, 2011 WL 2887457, at *7 (W.D. Tex. July 15, 2011); *Carr v. Montgomery County*, Civil H-13-2795, 2015 WL 5838862, at *4 (S.D. Tex. Oct. 7, 2015) (excluding similarly inadequately designated medical experts).

### V. DEFENDANT'S PRAYER FOR RELIEF

6. For the foregoing reasons, Defendant Kevin Hubenak respectfully requests that Plaintiff's four non-retained experts be excluded from providing any expert testimony in this case.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Section Chief, Labor, Employment, & Civil Rights

Date: October 4, 2019       By:   */s/ James C. Butt*
JAMES C. BUTT
Senior Assistant City Attorney
ATTORNEY IN CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Jim.Butt@houstontex.gov
Tel. (832) 393-6320

JENNIFER F. CALLAN
Senior Assistant Attorney
State Bar No. 00793715
Fed. Bar No. 22721
Jennifer.Callan@houstontx.gov
Tel. (832) 393-6286

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. BOX 368
Houston, Texas 77001-0368
Main: (832) 393-6491
Fax: (832) 393-6259

**ATTORNEYS FOR DEFENDANT HUBENAK**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Plaintiff's attorney on this motion, and he did not respond. Thus it is understood that he opposes the relief sought.

By:  */s/ James C. Butt*
JAMES C. BUTT

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

ANDRE D. EVANS
3003 South Loop West, Suite 108
Houston, TX 77054

By:  */s/ James C. Butt*
JAMES C. BUTT

3