United States District Court
Southern District of Texas
**ENTERED**
November 13, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY MOORE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-17-2505 |
| | § | |
| CITY OF HOUSTON *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendant Kevin Hubenak's Motion to Exclude Testimony from Plaintiff's Expert, Keith Howse (Document No. 93), Defendant Kevin Hubenak's Motion to Exclude Testimony from Plaintiff's Four Non-Retained Medical Experts (Document No. 94), Defendant Kevin Hubenak's Motion in Limine (Document No. 95), Plaintiff's Motion in Limine (Document No. 97), Defendant's Objections to Plaintiff's Exhibit List (Document No. 103), and Defendant's Objections to Plaintiff's Witness List (Document No. 104). Having considered the motions, submissions, and applicable law, the Court determines Defendant's motion to exclude Keith Howse should be granted in part and denied in part, Defendant's motion to exclude Plaintiff's non-retained medical experts should be denied, Defendant's motion in limine should be granted in part and overruled in part, Plaintiff's motion in limine should be granted in part and overruled in part,

Defendant's objections to Plaintiff's exhibits should be overruled, and Defendant's objections to Plaintiff's witnesses should be granted in part and overruled in part.

## I. BACKGROUND

This a civil rights case involving the alleged use of excessive force. On July 7, 2015, Houston Police Department ("HPD") law enforcement officers, Defendant Kevin Hubenak ("Hubenak") and Defendant Kyle Kelly ("Kelly") (Hubenak and Kelly, collectively, "Defendant Officers"), conducted a traffic stop of a vehicle driven by Plaintiff Larry Moore, Jr. ("Moore") with passenger Michael Brooks ("Brooks"). During the stop, Moore and Brooks were asked to exit the vehicle and complied. Moore alleges while Moore and Brooks were talking with Defendant Officers, Brooks evaded arrest and attempted to flee on foot. Moore alleges after Brooks fled, Hubenak assaulted Moore, causing severe facial trauma. Moore also alleges HPD officers on scene denied Moore medical treatment. Defendant Officers deny Moore's allegations.

Based on the foregoing, on July 7, 2017, Moore filed this lawsuit against Defendant Officers, the City of Houston ("the City"), HPD, and Sergeant G. Whitehead ("Whitehead") (collectively, "Defendants") in the 165th Judicial District Court of Harris County, Texas. Moore contends Defendants violated his constitutional rights under 42 U.S.C. §§ 1983 and 1988. Moore seeks actual and punitive damages. On August 16, 2017, the case was removed to this Court on the

basis of federal question jurisdiction. On September 18, 2019, the Court granted summary judgment in favor of most of Defendants, leaving only Moore's claims pending against Hubenak. On November 8, 2019, the Court held a pretrial conference ("PTC") to address pending motions.[1] The case is set for trial on November 13, 2019.

## II. LAW & ANALYSIS

The Court addresses in turn: (1) Hubenak's motion to exclude testimony from Moore's retained police procedures expert, Keith Howse; (2) Hubenak's motion to exclude Moore's four non-retained medical experts; (3) Hubenak's motions in limine; (4) Moore's motions in limine; (5) Hubenak's objections to Moore's exhibits; (6) Hubenak's objections to Moore's witnesses; and (7) Moore's proposed *voir dire* questions.

*A.    Motion to Exclude Testimony from Expert Keith Howse*

Hubenak moves to exclude testimony from Moore's expert Keith Howse ("Howse"), contending: (1) Howse's opinions as to Moore's detention and arrest are irrelevant; (2) Howse does not have the requisite expertise to opine about the nature, extent, and severity of Moore's injuries; (3) Howse's opinion as to whether

---

[1] Upon request, the Court excused counsel for Moore and concluded the PTC before the Court's rulings on the pending motions to allow counsel for Moore to attend to a personal matter.

Hubenak's use of force was objectively reasonable or excessive is inadmissible as a legal conclusion; and (4) Howse's opinions as to whether Hubenak, Whitehead, or other HPD officers denied Moore medical attention is irrelevant and inadmissible as a legal conclusion. Moore contends Howse's expert opinions are admissible. "The admission or exclusion of expert testimony is a matter left to the discretion of the trial court." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). The Court's overarching concern is relevance and reliability. *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007). The Court addresses each of Hubenak's contentions in turn.[2]

---

[2] Hubenak also contends Howse should be excluded as an expert because Howse's conclusions are not based on sufficient facts, reliable methodology, or scientific analysis. The Court has latitude in determining how to test an expert's reliability, as experience-based testimony may sometimes require considerations outside those provided by *Daubert*. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Generally, "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). Howse has over twenty years of experience in law enforcement and has done consulting on police practices since 2000. Howse's expert report lists the documentation he relied on in forming his conclusions and explains how he bases his conclusions on his own police training and experience. Furthermore, *Daubert* challenges were due on February 28, 2019. *Order on Joint Motion to Amend Docket Control Order*, Document No. 45. Hubenak filed the motion to exclude Howse on October 4, 2019, making the attempt to entirely exclude Howse untimely. Thus, the Court finds Howse is permitted to testify as an expert and turns to Hubenak's contentions as to Howse's specific opinions.

*1.    Moore's Detention and Arrest*

Hubenak contends Howse's opinions as to Moore's arrest and detention are irrelevant because they do not relate to any trial issues. Moore contends the arrest and detention are relevant. "[E]vidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Hicks-Fields v. Harris Cty., Tex.*, 860 F.3d 803, 809 (5th Cir. 2017) (quoting *Brazos River Auth. V. GE Ionics, Inc.*, 469 F.3d 416, 425 (5th Cir. 2006)); *see* Fed. R. Evid. 401. Howse opines that "Hubenak's detention of Mr. Moore for the purposes of conducting a criminal investigation were reasonable" and that "Hubenak's arrest of Mr. Moore, while not necessarily a best practice, was discretionary and within generally accepted police procedure."[3] Moore's remaining claims concern Hubenak's alleged use of excessive force, alleged unreasonable seizure of Moore's property, and alleged denial of medical care. Thus, Howse's opinions as to Hubenak's detention and arrest of Moore are irrelevant. Accordingly, Hubenak's motion to exclude is granted as to Howse's opinions about Hubenak's detention and arrest of Moore.

---

[3] *Defendant Kevin Hubenak's Motion to Exclude Testimony from Plaintiff's Expert, Keith Howse*, Document No. 93, Exhibit B at 18 (*Preliminary Opinion and Report*) [hereinafter *Howse's Report*].

2.  *Nature, Extent, and Severity of Moore's Injuries*

Hubenak contends Howse lacks the necessary medical training and expertise to opine about the nature, extent, and severity of Moore's injuries. An expert may not "go beyond the scope of his expertise in giving his opinion." *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009). However, an expert may base an opinion on facts or data the expert has been made aware of or personally observed. Fed. R. Evid. 703. Howse provides an opinion, "based upon the evidence submitted thus far," that Defendants denied Moore medical care for "visible and serious injuries."[4] Moore designated Howse as a police procedure expert and, aside from minimal emergency medical training Howse received from 1985 to 1986, nothing in the record shows Howse has medical expertise or training.[5] Howse's report indicates he reviewed Moore's medical records and complaint.[6] The Court finds Howse is not qualified to provide medical opinions. Thus, Howse may not testify as to his opinions as to the nature, extent, and severity of Moore's injuries. However, Howse may testify as to general police officers' responses and police officers' provision of medical care to people in custody based on records he reviewed. Accordingly, Hubenak's motion to

---

[4] *Howse's Report*, *supra* note 3, at 18–19.

[5] *Plaintiff's Amended Designation of Expert Witnesses*, Document No. 55 at 2, 4 [hereinafter *Plaintiff's Amended Designation*]; *Howse's Report*, *supra* note 3, at 21–23.

[6] *Howse's Report*, *supra* note 3, at 2.

exclude is granted in part and denied in part as to Howse's opinions about the nature, extent, and severity of Moore's injuries.

### 3.    Hubenak's Use of Force

Hubenak contends Howse's opinion as to whether Hubenak's use of force was objectively reasonable or excessive is inadmissible as a legal conclusion. Federal Rule of Evidence 704(a) bars an expert witness from giving legal conclusions. *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003); *see also* Fed. R. Evid. 704(a). "Reasonableness under the Fourth Amendment or Due Process Clause is a legal conclusion." *Id.* Howse offers the opinion that "[i]f the facts are shown to be that [Moore's account of events are accurate], it is my opinion that such conduct was unnecessary and an excessive use of force and not within generally accepted police procedures, and that an objectively reasonable officer who was similarly situated would not engage in such conduct."[7] The Court finds Howse is not permitted to give an opinion as to the reasonableness of Hubenak's conduct or whether it was an excessive use of force. These are legal conclusions left for the jury to decide. However, Howse can testify as to generally accepted police procedures. Accordingly, Hubenak's motion to exclude is granted in part and denied in part as to Howse's opinions about Hubenak's use of force.

---

[7] *Howse's Report*, *supra* note 3, at 18.

### 4.   *Denial of Medical Care*

Hubenak also contends Howse's opinion as to whether Hubenak, Whitehead, or other HPD officers allegedly denied Moore medical care is inadmissible as: (1) a legal conclusion; and (2) irrelevant as to Whitehead and other HPD officers. Moore contends the opinion is admissible. Howse's opinion provides "Officer Hubenak and Sergeant Whitehead, and possibly other Houston police officers on scene, denied Mr. Moore appropriate and immediate medical attention . . . and that such actions by Officer Hubenak and Sergeant Whitehead . . . were therefore objectively unreasonable and not within generally accepted police procedures."[8] Whitehead and HPD were previously dismissed from the case. Thus, the Court finds any opinions as to Whitehead or other HPD officers' conduct is irrelevant. The Court further finds Howse is not permitted to give an opinion as to the reasonableness of Hubenak allegedly denying Moore medical care. That is a legal conclusion left for the jury to decide. However, Howse can testify as to generally accepted police procedures. Accordingly, Hubenak's motion to exclude is granted in part and denied in part as to Howse's opinions about Hubenak allegedly denying Moore medical care.

---

[8] *Howse's Report, supra* note 3, at 18–19.

*B.*     *Motion to Exclude Moore's Non-retained Medical Experts*

Hubenak moves to exclude the testimony of Moore's four non-retained

medical experts: (1) Jeffrey Wahantu; (2) Matthew Rushing; (3) Donna Kelly; and

(4) Sara Goel (collectively, the "Non-retained Experts"). Hubenak contends

Moore's disclosures for the Non-retained Experts do not comply with Federal Rule

of Civil Procedure 26, because Moore did not include a detailed summary of the

facts and opinions. Moore contends the Non-retained Experts were properly

disclosed.

A non-retained expert witness is not required to provide a written report. *See*

Fed. R. Civ. P. 26(a)(2)(B). However, the party offering the non-retained expert

witness must disclose "(i) the subject matter on which the witness is expected to

present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a

summary of the facts and opinions to which the witness is expected to testify." Fed.

R. Civ. P. 26(a)(2)(C). Courts must take care against requiring undue detail with

regard to Rule 26(a)(2)(C) designations. *Id.*, Adv. Comm. Note (2010). To comply

with Rule 26(a)(2)(C), a disclosure must include a brief account of the main opinions

of the expert indicating a view or judgment on a matter that affects the outcome of

the case. *Carr v. Montgomery Cty., Tex.*, No. H-13-2795, 2015 WL 5838862, at *2–

3 (S.D. Tex. Oct. 7, 2015) (Miller, J.). In addition, a brief account of facts supporting

the expert's opinions, rather than reference to a large body of information, should be

included. *Id.* Failure to comply with Rule 26(a) disclosures bars the party from "us[ing] that information or witness to supply evidence. . . at a trial, unless the failure was substantively justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Moore identified the Non-retained Experts in his disclosures to Defendants.[9] Moore's amended designation of expert witnesses states the Non-retained Experts impressions and opinions include, *inter alia*: (1) "the nature extent and severity of Plaintiff's injuries, incapacitates, and disabilities alleged"; (2) "Plaintiff's injuries are a result in whole or in part of the injuries received by the Defendants and made the subject of this suit"; and (3) "immediate treatment of Plaintiff's injuries was necessitated . . . ."[10] The disclosure states the facts the Non-retained Experts relied upon are contained in Moore's medical records, discovery documents, and the pleadings.[11] Moore's designations fail to provide a brief statement of facts the Non-retained Experts relied on in forming these conclusions. The Court finds Moore's expert designations of the Non-retained Experts are insufficient under Rule 26(a)(2)(C). Thus, the Court turns to whether Moore's non-compliance with Rule 26(a) is substantially justified or harmless.

To determine if a failure to comply with Rule 26(a) is substantially justified

---

[9] *Plaintiff's Amended Designation, supra* note 5, at 2–4.

[10] *Plaintiff's Amended Designation, supra* note 5, at 4–5.

[11] *Plaintiff's Amended Designation, supra* note 5, at 5.

or harmless, the Court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Res. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Though Moore does not explain his failure to properly disclose the Non-retained Experts, Moore timely produced all medical records from the Non-retained Experts. On December 11, 2018, the Court granted Moore's unopposed motion to amend his expert designations.[12] It is undisputed the expert designations included all of the Non-retained Experts. The Non-retained Experts are medical professionals who treated Moore for his alleged injuries. Moore's expert designations, while insufficient, indicate the Non-retained Experts will provide testimony to show the severity of Moore's injuries and causation, as well as necessity. Thus, Hubenak has known for at least ten months that the Non-retained Experts could be called to testify about their treatment of Moore's injuries. Hubenak also used Moore's records from Ben Taub Hospital which included treatment by two of the Non-retained Experts in his motion for summary judgment.[13] In light of the time frame that Hubenak has had Moore's expert designations and medical records,

---

[12] *Order*, Document No. 54.

[13] *Defendant Kevin Hubenak's Motion for Summary Judgment*, Document No. 66 at 9, Exhibit I (*Ben Taub Medical Records*).

the Court finds that allowing the Non-retained Expert's testimony would be harmless. Accordingly, Hubenak's motion to exclude the Non-retained Experts is denied.

C.     *Hubenak's Motion in Limine*

Hubenak filed forty-six motions in limine. Moore disputes eighteen of the motions in limine. The Court addresses the disputed motions in limine in turn.[14]

1.     **(c) Any evidence or suggestion that Officer Hubenak has been involved in any other lawsuit or has made or settled any other claim.**

The admissibility of extrinsic offense evidence is determined by a two-step analysis: (1) whether the extrinsic evidence is relevant to an issue other than the defendant's character, such as motive, opportunity, or intent; and (2) whether the evidence's "probative value is not substantially outweighed by its undue prejudice." *United States v. Brugman*, 364 F.3d 613, 619–20 (5th Cir. 2004) (quoting *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)); *see also* Fed. R. Evid. 404(b). Thus, Hubenak's motion in limine as to evidence of prior lawsuits or settled claims is granted at this time. Moore is required to approach outside the presence of the jury before getting into any extrinsic offense evidence.

---

[14] **Parties may re-urge a motion in limine ruled on by the Court during trial by requesting to approach and address the matter outside the presence of the jury.**

2.     ***(d) Any mention of any party's financial status.***

Hubenak's motion in limine is overruled. Moore is permitted to introduce evidence of Hubenak's financial status as it pertains to punitive damages.

3.     ***(l) Asserting any theory of recovery or cause of action not properly disclosed in response to discovery requests.***

Hubenak's motion in limine is granted. Neither party may assert or raise any theory of recovery or defense not properly disclosed to the opposing party.

4.     ***(m) Asserting any damage allegation not properly disclosed in response to discovery requests.***

Rule 26(a) requires a computation of damages claimed by the disclosing party be provided and supplemented as part of initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iii). Failure to comply with Rule 26(a) will preclude a party from presenting the nondisclosed evidence unless the failure to comply is substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Hubenak's motion in limine is granted as to any damage allegations not properly disclosed under Rule 26(a), unless the failure to disclose is substantially justified or harmless.

5.     ***(n) Plaintiff not be allowed to offer evidence of any financial losses, including loss of income or other expenses, he claims to have suffered as a result of this incident, as no such evidence has been timely produced.***

Hubenak's motion is limine is granted as to any evidence of Moore's financial loss of income or expenses that were not properly disclosed under Rule 26(a), unless the failure to disclose is substantially justified or harmless.

6.     *(o) That Plaintiff, Plaintiff's counsel and any witness produced by Plaintiff not be allowed to testify to the value of "mental anguish" since they are not qualified to so testify.*

Hubenak's motion in limine is granted as to testimony or evidence concerning the value of "mental anguish" damages. Moore may present evidence or testimony as to the extent of the mental anguish or observations of behavior suggesting Moore suffered mental anguish, but may not address a specific dollar amount outside of summation.

7.     *(p) Any attempt by counsel for Plaintiff to mention any actual or potential dollar amounts of damages in this or any other hypothetical case during the* **voir dire** *examination.*

Hubenak's motion in limine is overruled.

8.     *(u) Any testimony by experts or witnesses for Plaintiff regarding their opinion as to Officer Hubenak's state of mind or his intent at the time of the events at issue in this lawsuit.*

Hubenak's motion in limine is granted as to lay witnesses, because the opinions would constitute speculation. Hubenak's motion in limine is denied as to experts, assuming the expert is sufficiently qualified and initially lays the foundation necessary to opine as to Hubenak's state of mind or intent.

9.     *(v) Any evidence supporting an issue not contained in the final pretrial order.*

Generally, a pretrial order controls the course of the action and supersedes any prior pleadings. *Kona Tech v. Southern Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000); Fed. R. Civ. P. 16(d). Hubenak's motion in limine is therefore granted at

this time. A party seeking to introduce evidence of an issue not within the joint pretrial order must first approach to address the issue outside the presence of the jury.

> 10.  *(ab) Any evidence of prior or subsequent incidents or lawsuits without first showing to the Court, out of the presence of the jury, that the requisite evidentiary standards have been met.*

Hubenak's motion in limine is granted as written.

> 11.  *(ac) That counsel for Plaintiff should be instructed not to make demands or requests before the jury for matters found or believed to be contained in Officer Hubenak's files, which would include statements, pleadings, photographs, reports and any other documents, or make any other requests of Officer Hubenak or his counsel in the course of this trial and in the presence of the jury.*

Hubenak's motion in limine is granted in part and overruled in part. Moore is not permitted to question Hubenak's counsel concerning Hubenak's files in the presence of the jury. However, Moore is permitted to question Hubenak about Hubenak's file to the extent permitted by the Federal Rules of Evidence should Hubenak choose to testify.

> 12.  *(ae) Any statements, comments or arguments by Plaintiff's counsel that the jury should "set the conduct standards in this city or county" or any other area.*

Hubenak's motion in limine is granted as written.

13.    *(ai) Mentioning or stating before the jury that Plaintiff is or may be under any financial hardship.*

Hubenak's motion in limine is overruled to the extent it seeks to bar evidence, testimony, and argument as to Moore's damages.

14.    *(aj) Any statement, comment, testimony or argument about Officer Hubenak's discipline history in the HPD or any other police department.*

Hubenak's motion in limine is granted at this time. Moore is required to approach outside the presence of the jury before getting into any extrinsic offense evidence.

15.    *(al) Seeking to introduce into evidence, exhibiting to the jury or jury panel, and showing to the jury or jury panel, in any way, photo albums or scrapbooks.*

Hubenak's motion in limine is overruled. Moore is permitted to introduce evidence to the jury to the extent permitted by the Federal Rules of Evidence.

16.    *(ao) Any testimony or statement that Hubenak and/or his partner Officer Kelly assaulted Michael Brooks, Plaintiff's passenger.*

Hubenak's motion in limine is granted.

17.    *(ap) Any testimony or statement that Plaintiff sustained a blood clot to the brain as a result of this incident.*

Hubenak's motion in limine is granted at this time. Moore is permitted to address this alleged injury after laying a proper evidentiary foundation and predicate.

18.    *(aq) Any testimony or statement that Hubenak was ever arrested.*

Admissibility of a prior arrest without conviction is not completely barred, but

rather must be analyzed under the framework of Federal Rule of Evidence 404(b). *United States v. Diaz*, 338 F. App'x 427, 430 (5th Cir. 2009) (per curiam). Furthermore, some arrests, if followed by convictions, may be admissible. *See* Fed. R. Evid. 609. Hubenak's motion in limine is granted at this time. Moore is required to approach outside the presence of the jury before getting into any prior arrests.

D.    *Moore's Motion in Limine*

Moore filed six motions in limine. Hubenak disputes two of the motions in limine. The Court addresses the disputed motions in limine in turn.

1.    *(#5) Any argument or insinuation to the jury that punitive damages are unconstitutional.*

Moore's motion in limine is granted.

2.    *(#6) Any argument or introduction of evidence inconsistent with a Party's prior admissions.*

Moore's motion in limine is overruled as written. The motion is overbroad and may encompass admissible argument and evidence. Furthermore, if a party introduces evidence inconsistent with a prior admission, the opposing party may address the inconsistency by impeachment.

E.    *Hubenak's Objections to Moore's Exhibits*

Hubenak objects to fourteen of Moore's sixteen exhibits. At the PTC, the Court granted Hubenak's objection to the introduction of the Deposition of Kevin Hubenak. As to the other exhibits, objections to the admissibility of exhibits must

include copies of the disputed exhibits. S.D. Tex. Local R. 46. Hubenak fails to attach the other exhibits to which he is objecting. Therefore, all other exhibits are hereby conditionally admitted into evidence. All exhibits offered, admitted, and used at trial will be fully admitted into the record. Objections to exhibits, if any, will be considered at the time the exhibit is offered by the proponent. Accordingly, Hubenak's objections to Moore's exhibits are overruled at this time.

F.    *Hubenak's Objections to Moore's Witnesses*

Hubenak objects to: (1) Melonie Ortiz ("Ortiz"), the Custodian of records for Houston Emergency Center ("HEC Custodian"), and the Custodian of Records for Harris County District Attorney's Office ("DA Custodian") on the basis of failure to disclose under Federal Rule of Civil Procedure 26; and (2) to Andre Evans, Moore's counsel, on the basis that it is improper for trial counsel to also serve as a witness. Moore has not responded to Hubenak's objections. The failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court addresses each of Hubenak's objections in turn.[15]

---

[15] Hubenak also objects Moore's experts Donna Kelly, D.C., Sara Goel, D.O., and Keith Howse. In light of the Court's previous conclusions, the Court finds Hubenak's objections to these witnesses are moot. *See supra* Parts II(A), (B).

1. *Objections to Ortiz, HEC Custodian, and DA Custodian*

Hubenak objects to these three witnesses on the basis of Moore's alleged failure to disclose under Federal Rule of Civil Procedure 26. Hubenak produces Moore's disclosures and expert designations. Melanie Ortiz is listed within Moore's expert designations.[16] Moore fails to identify the HEC Custodian and DA Custodian in any of his initial disclosures or expert designations. In light of Moore's failure to respond to Hubenak's objections and failure to disclose under Rule 26, Hubenak's objections as to HEC Custodian and DA Custodian are granted. Hubenak's objection to Ortiz is overruled.

2. *Objection to Andre Evans*

**Hubenak objects to Moore's trial attorney, Andre Evans ("Evans"), testifying about his own personal experience as a law enforcement officer. A lawyer is not permitted to serve both as trial counsel and as a witness at trial.** *Marin v. Gilberg*, No. V-07-62, 2008 WL 2770382, at *2–3 (S.D. Tex. July 11, 2008) (Rainey, J.) (citing Model Rules of Prof'l Conduct 3.7). Moore's witness list indicates Evans may testify about his "background, education, training, employment history as a law enforcement officer and the reasonableness of attorney's fees."[17]

---

[16] *Defendant's Objections to Plaintiff's Witness List*, Document No. 104, Exhibit D, at 2 (*Plaintiff's Amended Designation of Expert Witness*).

[17] *Joint Pretrial Order*, Document No. 99, Exhibit C at 5 (*Plaintiff's Trial Witness List*).

The objection to Evans's testimony is granted as to any evidence of Evans's personal law enforcement experience. To the extent Evans intends to offer evidence of attorney's fees, that testimony may be provided, if necessary, post-trial by briefing.

G.   *Moore's Proposed* Voir Dire *Questions*

Though parties submitted questions for *voir dire*, the parties are permitted to conduct their own *voir dire* examinations. Moore submitted his *voir dire* questions for the Court as part of the joint pretrial order. Moore proposes to ask the jure venire, "Have you ever heard the term 'implicit racial bias?' What does this term mean to you? Do you believe that implicit racial bias exists in law enforcement?"[18] Moore does not allege Hubenak discriminated against him on the basis of race or that Hubenak's use of force was racially motivated. Further, Moore's claims do not include racial discrimination. Thus, the Court finds the question concerning implicit racial bias is not relevant.

## III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Kevin Hubenak's Motion to Exclude Testimony from Plaintiff's Expert, Keith Howse (Document No. 93) is **GRANTED IN PART** and **DENIED IN PART** as specifically set forth in this Order.  The Court further

---

[18] *Joint Pretrial Order*, Document No. 99, Exhibit E at 5 (*Plaintiff's Proposed Voir Dire Questions*).

**ORDERS** that Defendant Kevin Hubenak's Motion to Exclude Testimony from Plaintiff's Four Non-Retained Medical Experts (Document No. 94) is **DENIED**. The Court further

**ORDERS** that Defendant Kevin Hubenak's Motion in Limine (Document No. 95) is **GRANTED IN PART** and **OVERRULED IN PART** as specifically set forth in this Order. The Court further

**ORDERS** that Plaintiff's Motion in Limine (Document No. 97) is **GRANTED IN PART** and **OVERRULED IN PART** as specifically set forth in this Order.  The Court further

**ORDERS** that Defendant's Objections to Plaintiff's Exhibit List (Document No. 103) is **OVERRULED**. The Court further

**ORDERS** that Defendant's Objections to Plaintiff's Witness List (Document No. 104) is **GRANTED IN PART** and **OVERRULED IN PART** as specifically set forth in this Order. The Court further

**ORDERS** that counsel for Moore is not to discuss or question potential jurors as to implicit racial bias during *voir dire*.

SIGNED at Houston, Texas, on this __12__ day of November, 2019.

DAVID HITTNER
United States District Judge